JOHN NEWCOMER, *vs.* JOHN A. KEEDY.

The plaintiff's counsel carried his *nars* in several actions against defendant, to the clerk's office and gave them to a deputy clerk, who endorsed them "filed." The counsel then offered to deposit them in the usual receptacle for such papers, and they were handed to him for that purpose without any entry on the docket of their being filed. The defendant and his counsel afterwards, at different times before the rule day to plead, called at the office to know if the *nars* had been filed, and were informed by the clerk and his deputies, after examination of the docket and box of deposit, that they were not. When the rule day had expired the plaintiff's counsel called to inquire for the pleas, and on being informed that his *nars* had not been filed, he went to the box in question and produced the *nars* from it. The pleas of not guilty and limitations were under these circumstances filed after the rule day. The court on application ordered the plea of limitations to be stricken out, and the case being tried on the general issue to the plea of *non cul.*, the defendant appealed from the final judgment rendered upon the verdict against him. HELD :

That the defendant not being in default, his plea of limitations should have been received, and that this point is sufficiently presented to this court on the appeal from the judgment.

It is a leading principle recognised in all courts of justice, that a party shall not be deprived of his plea or defence unless the default or neglect is his own.

A *nar* is not filed until it reaches its final place of deposit by the officer entrusted with it. It may be endorsed as filed and yet not actually filed in contemplation of law. The proper evidence that it is actually filed is the clerk's entry on the docket, to which the court and counsel resort as the true record of the pleadings, and where the rules to plead are laid upon the counsel.

The party who is to plead can never be in default until the rule is laid, or supposed to be laid.

To constitute notice to a defendant that he is under a rule to plead, it should be proved that knowledge of the *nars* being filed, did reach or might have reached him, or that he might have obtained it by reasonable inquiry.

The *nar* being mislaid by the act of the plaintiff, the defendant was in no default, and was under no obligation to plead.

APPEAL from *Washington* county court.

This was an action of trespass on the case brought by the appellee against the appellant, the late sheriff of *Washington* county, for a false return to certain *fi. fas.* upon judgments obtained by the plaintiff against *Abraham Barnes*. The defendant pleaded *not guilty* and limitations. The plaintiff applied for a rule to show cause why the plea of limitations should not be stricken out. Affidavits supporting the application were filed, the purport of which are fully stated in the opinion of this court. The court below made the rule absolute, and the cause was then tried upon its merits on the general issue to the plea of not guilty, and the verdict being in favor of the plaintiff, the defendant from the judgment rendered thereon appealed to this court.

The cause was argued before SPENCE, MAGRUDER, and FRICK, J.

PRICE for the appellant, insisted:

1st. It sufficiently appears what the precise point was which was brought to the attention of the court below.

2nd. The defendant was not in default and his plea of limitations ought to have been received.

3rd. The declaration was not filed and the defendant was not under rule to plead when his plea of limitations was filed.

J. SPENCER and F. A. SCHLEY, for the appellee contended.

1st. The appeal ought to be dismissed because there is no bill of exceptions, and it does not appear on what ground the decision of the court below was rendered, 5 *G. & J.*, 494. 2 *G. & J.*, 303.

2nd. The rule of *Washington* county court is not here to show to this court what that rule was. It does not appear that no other testimony was taken except what is contained in the affidavits, and every thing will be intended in support of the judgment. 2 *H. & J.*, 41, 345.

3rd. If the rule does appear, it was in full force and effect and it was not competent for the court to receive the plea until the rule had been rescinded, modified, or enlarged, for the purpose of receiving the plea. If the appellant desired to file his plea of limitations after the rule day, he should have moved the court to enlarge the rule, to enable him to offer it.

4th. If the clerk neglected to do his duty after filing of the pleas, the appellees ought not to suffer by it. As a public and bonded officer, if the appellant suffers by his act he is responsible for it.

FRICK, J., delivered the opinion of this court.

The facts in this case spread out upon affidavits, may be thus condensed into what is material for our notice in expressing an opinion.

Several actions were instituted by this plaintiff, (now appellee,) against the defendant. The plaintiff's counsel carried the *nars* to the office, and handed them to the deputy clerk, who endorsed them as " filed the 25th September, 1848." The counsel then offered to deposit them in the usual receptacle for such papers, and they were handed to him for that purpose, without any entry on the docket of their being filed.

34    v.9

Afterwards the defendant and his counsel, at different times before the rule day to plead, called at the office to know if any *nar* had been filed in the cause; and the docket and box of deposit both being examined by the clerk as well as his deputies, no indication of such *nar* being in the office could be found. When the rule day had expired, the plaintiff's counsel called to inquire for the pleas; and being informed that no *nars* had been filed, he went to the box in question, and from it produced the *nars* as stated in the depositions, and sworn by him to have been originally deposited there, enveloped in the writs, and confined together with a strip of paper around them.

The pleas were under these circumstances filed after the rule day; and upon "a rule to show cause why the plea of the statute of limitations should not be set aside," the court, upon affidavits and hearing, made the rule absolute, and a jury being sworn upon the general issue, verdict and judgment upon it was rendered for the plaintiff. From the "judgment thus rendered," the defendant appeals to this court; and the only question is, whether under these facts the plea was filed in time?

We are told that this question is not to be tested by the *English* rules of court and practice in relation to pleading, to which the appellant's counsel has referred; that these are either the results of their own acts of parliament, or the rules of particular courts adopted for the government of their own practice; that this question is to be decided by the rules of *Washington* county court, where the strict rule of serving copies of the pleadings, and of giving notice to the adverse party does not prevail, but each party at his peril, is bound to take notice of the day and rule to plead. This may all be admitted, and yet the practice of the *English* and other courts, be still properly invoked for such general principles as are alike applicable to every system of pleading, and cannot be excluded without violating that justice which they were designed to promote. One leading principle will be found recognized in all courts of justice, that a party shall not be deprived of his plea or defence, unless the default or neglect is his own.

He is not to wait for notice from his adversary, but the rule is notice to him; and he is bound to go to the office to ascertain if his adversary is there. And if the adversary is out of time, he is to resort to other accessible sources to ascertain the position of his case. All this may be prescribed, or supposed to be intended, by the adoption of particular rule days, to ensure regularity and punctuality in pleading.

But the courts of *Maryland* have never undertaken to say by these rules, that a defendant shall be bound to plead to a declaration before it is filed; or when he can by no possibility have knowledge or notice that it has been filed.

When is the *nar* filed? It is said not to be filed until it reaches its final place of deposit by the officer entrusted with it. 9 *Bing.*, 66. It may be endorsed as filed, and yet not be actually filed in contemplation of law, if from the interposition of counsel, it takes the wrong direction and eludes the search of the clerk. The proper evidence that it is actually filed, is by his entry on the docket, to which the court and counsel always resort as the true record of the pleadings, and where the rules to plead are laid upon the counsel. Had this declaration been suffered to take the usual course of office business, all the clerks proved that it must almost of necessity have been so entered. And until so entered, the docket must have indicated that the plaintiff was under a rule to declare. And therefore, filed or not, how was the defendant to plead? He must be forwarned of some cause of action before he can be required to answer. And governed by the docket, he was under no obligation to answer. Who could lay the rule upon him? The court could not, because it was not in session; and it is equally certain that the clerk could not, because he did not know that a declaration had been filed. To deprive a defendant of a defence thus, which the law of the land says shall be a legal defence, the defendant should first be in default; and a party whose business it is to plead, can never be in default, until the rule is laid or at least supposed to be laid.

What shall be notice to a defendant that he is under a rule to plead? It should at least be proved that knowledge of this *nar*

did reach or might have reached the defendant, or that he might have obtained it by reasonable inquiry. He did so inquire, as we think, diligently, and found neither *nar* nor rule to plead. The *nar* being mislaid, and by the act of the plaintiff he was under no obligation to plead. It would be a legal solecism to require it. How could he plead until some cause of action was exhibited on the part of the plaintiff? How could he know the nature and character of the plaintiff's claim? Such cannot be the fair construction of any rule, that it can compel a defendant to plead before a declaration is filed, or when he can have no knowledge that it is filed.

Whatever be the actual state of the case, we cannot consider the defendant here, in default. The offer of plaintiff's counsel to see these *nars* properly disposed of, throws the burden from him; and we can only explain the error by supposing, that wherever deposited, the writ and envelope by which they were confined together, concealed the endorsement upon them, and prevented discovery.

It is however said, that this court ought not now to disturb the judgment, the jury having declared the substantial merits of the case, which nothing could have defeated but this plea of limitations, which is always considered odious and repugnant to a proper sense of justice.

It is true, that this defence is usually denounced as the un righteous and dishonest refuge of a debtor, evading a just and legal liability. But such is not the reasoning of the law, in affording by this plea, the protection it contemplates. It has doubtless been often used and abused in the evasion of an honest claim, and in defeating just and fair contracts, of which the party has had the full usufruct and benefit; and often without any corresponding benefit to the creditor. And where there is any discretion left with the court, such cases present a strong appeal to their moral sense. But no such feature of dishonesty is disclosed in the case before us. The cause of action arose as far back as 1839, upon certain executions, delivered to the appellant, as sheriff of the county, which were by him returned "*nulla bona.*" Without renewing these writs, or

pointing out any property to which the writs would attach, the plaintiff suffers the claim to sleep for a period of seven or eight years; and then alleging that there was, at the time, property which was liable to the execution, he brings this action against the appellant for a false return, and seeks to make it available against him. Surely such an action is at least as destitute of merit in an application to the favorable consideration of a court of justice, as the plea of limitations in its worst aspect.

It is objected, however, that this case is not properly before this court, upon any point that appears to have been presented to the court below, as directed by the act of 1825, ch. 117; that the appeal is from the judgment as rendered, without specifying the defect in the judgment. The opinion of this court, in the case of *Cushwa vs. Cushwa, (ante* 242,) similar and parallel in its character, disposes of this objection, and decides that a case in this form, is properly before us upon appeal.

JUDGMENT REVERSED, AND
PROCEDENDO AWARDED.