BENJAMIN CUSHWA, vs. JOHN S. CUSHWA, ET AL., LES-
SEE.—*December* 1850.

The docket entries in an ejectment suit, showed that the defendant, the ten-
ant in possession, appeared at the imparlance term, and took defence on
warrant under the plea of not guilty, on which issue was joined; and im-
mediately thereupon, without any new declaration against the defendant,
followed a judgment, "That plaintiff recover against the defendant his
term, and the sum of $500, his damages claimed in his declaration." Two
*terms afterwards* the plaintiff applied to the court to amend these entries,
by striking out the words, "plea not guilty, and defence on warrant," up-
on the ground that they were interlined by the clerk after the rendition
of the judgment. The court ordered the words to be stricken out, and the
judgment to stand as rendered for want of a plea; thus making it a judg-
ment upon *nil dicit.* HELD, that this judgment was erroneous in form and
substance, both as it originally stood on the docket, and as corrected by the
court.

Admitting the absence of a plea, all the court could do, was to adjudge the
title to the plaintiff: the damages must be ascertained by the verdict of a
jury.

In an action of ejectment where damages are laid in the declaration, the
plaintiff, before he can have a judgment upon *nil dicit*, establishing his ti-
tle, must release his damages.

The judgment upon *nil dicit*, can only be against the casual ejector, and this
judgment being against the tenant in possession, is for this reason errone-
ous.

After entering into the consent rule in ejectment, the plaintiff, before he can
enter a default, must serve a new or altered declaration.

Admitting the plea and issue to be in, the judgment cannot stand, because it
had no verdict to sustain it.

It is competent for this court to correct these proceedings, upon an appeal
from the judgment of the court below, ordering the clerk to strike out the
entry of the plea, and suffer the judgment to stand "for *want of a plea.*"
The point upon which the judgment is objected to, is distinctly indicated
by the rule and order of the court.

The act of 1825, chap. 117, does not apply to demurrers, or motions in arrest
of judgment, because these objections being to the pleadings, the whole re-
cord is before this court, and the whole is examined to arrive at the proper
objections.

, APPEAL from *Washington* county court.

This appeal was taken by the appellant, (the defendant be-
low,) from a judgment of the county court, (MARSHALL, A.
J.,) in an ejectment case. The court passed an order upon ap-

plication of the plaintiff, directing the clerk to strike out the docket entry of "plea of not guilty, and defence on warrant," and to suffer the judgment, "that the plaintiff recover against the defendant his term, and the sum of $500, his damages laid in his declaration," which had been previously rendered in the cause, "to stand for want of a plea."

The pleadings and facts of the case are stated in the opinion of this court.

The cause was argued before MAGRUDER, MARTIN and FRICK, J.

By F. A. SCHLEY for the appellant, and
By PRICE for the appellee.

FRICK J., delivered the opinion of this court.

This case is before us upon appeal from the proceedings of *Washington* county court in an action of ejectment, the record of which shows:

That the action was instituted at March term, 1846, by the usual proceedings against the casual ejector, the copy of which was duly served upon *Benjamin Cushwa* the tenant in possession, who at the same term appeared, entered into the consent rule, and the case was continued to the next term of the court (the 3d Monday of November,) with leave to ascertain his defence, in the usual form.

At the imparlance day, *Cushwa* appeared, and takes defence on warrant under the plea of not guilty, upon which the issue is joined; and hereupon judgment follows, "that the plaintiff recover against said *Cushwa* his term aforesaid, and the sum of $500, his damages laid in the declaration."

In this state of the record, at the second term of the court after the judgment, the plaintiff applied for a rule upon the defendant to show cause why the docket entries should not be corrected by striking out the words "plea not guilty, and defence on warrant;" thus to render it a judgment upon *nil dicit*, for want of a plea, which the plaintiff insists was the true state of the docket, when the judgment was rendered by the court.

A number of affidavits are produced and filed in support of the rule, to show that the plea and defence in the case were interlined and inserted by the clerk of the court after the rendition of the judgment.

On the other hand, evidence entitled to equal consideration is adduced in denial, which if it were in any view material, might render it difficult to determine the preponderance.

The fact is admitted in all of them, that the plea and defence were, at one stage of the cause tendered orally, and at another in writing.   The controversy on this point, has only regard to time, and so far as it is of any importance in explanation of the action of the court below, and the views of counsel, it is conceded by all, that the oral proffer of the plea and defence, preceded the entry of the judgment.

It is but justice to assume, that on this fact, was predicated the action of the court.   They decided that the defence was not taken in time, and that the defendant was restricted to the general denial.   The defendant insisted upon his whole defence, and the court as for want of a plea, directed the judgment to be entered upon the *nil dicit.*

The entry or interlineation of the plea was pronounced a misprision of the clerk, the rule made absolute, and it was adjudged that the clerk strike out the entry of the plea of not guilty and defence on warrant, and suffer the judgment to stand as rendered for want of a plea.

It is no part of our inquiry, how far the court was right or otherwise in pronouncing this a clerical error, and as such directing it to be erased.   Considering it unimportant in our view of the case, it further relieves us from a critical examination of the affidavits.   We concede to the court this control over its own records; and assuming the propriety, propose to inquire into the effect of, the erasure.   It is then made to present the judgment of the court upon a state of the pleadings, which for manifest error, cannot stand.   It is erroneous both in form and in substance.   At the same time the court direct the judgment to be entered against *Cushwa*, they undertake to assess the damages to the extent of $500.   It need scarcely be said, that this

was the province of a jury, not in this, but more properly in a separate action for the *mesne* profits predicated upon the judgment in favor of the plaintiff. The damages are in their nature uncertain, and must be established by testimony. And admitting the absence of a plea, the utmost which the court could do, was to adjudge the legal title to the plaintiff. The legal judgment can only be, that the party should recover his term, certainly no more. And where damages are laid in the declaration, before the plaintiff could claim a judgment, simply to establish his title, without the intervention of a jury, he would be required to release the damages, to make the judgment available to him in this form. In this particular, the law and practice of the State is uniform See *Harr. Ent.* 116, 117.

And this is not the only error in this proceeding. This one defect in the judgment naturally suggests another equally apparent on the face of the record. The judgment upon *nil dicit* could only be against the casual ejector. Here the judgment is against *Cushwa*, the tenant in possession.

The record recites, that *Cushwa* comes into court by his attorneys; whereupon it is ruled, that he be admitted in place of the casual ejector, that he immediately receive a declaration and plead the general issue, and confess lease, entry and ouster; or in default thereof, that judgment be entered against the now defendant, *John Doe*, the casual ejector. The court in their action, determine, that the default exists upon *nil dicit;* and yet the judgment expressly records, that the plaintiff "shall recover his term against the said *Benjamin Cushwa.*" As well might it be entered against a stranger to the whole proceeding.

At the same time, it can scarcely be said strictly, that there was any default, where "he was immediately to receive a new declaration," and plead thereto, when no such declaration appears by the record to have been tendered. After entering into the consent rule in ejectment, the plaintiff, before he can enter a default, is to serve a new or altered declaration. *Adams on Ejectment,* 241, *note* 1. The defendant was not competent to plead to a declaration, which was not against him, but against

the casual ejector. In point of fact, therefore, he was here required to plead without a declaration. And from the depositions, it would appear, that when he offered so to plead, and take defence on warrant, the defence was ruled out by the court as *tarde*, while the record informs us that leave had been given until the 3d Monday in November, to ascertain his defence. And at the same time, and for anything to the contrary in the record, on the same day, judgment is recorded against him for want of a plea.

It was strongly urged in argument, that the proof offered, did not warrant the court in cancelling the pleas. We have waived the inquiry, especially as a denial of the right would place the judgment in no better position. The case would then be left at issue, and the judgment would stand as the act of the court, without the intervention of a jury, and actual damages awarded without a verdict. It would thus present a legal contradiction still more objectionable. In any point of view, it cannot stand a legal test for a moment. It is no judgment upon *nil dicit*, because not against the casual ejector. It is no judgment upon the pleas and issue, because it has no verdict to sustain it. It is in fact, a naked, unsupported judgment of the court, against *Benjamin Cushwa*.

The question now is, can we correct these proceedings? With all the defects apparent upon the record before us, lying upon the surface of the case, the right here to interpose, is denied by the appellee's counsel, because it is said, the point or question upon which this judgment is objected to, does not appear to have been raised in the county court, as the act of 1825, ch. 117, prescribes.

We are at a loss to conceive how the point could be more distinctly stated, than the prayer and the rule itself indicates.

"The plaintiffs, by their counsel, pray, upon the facts and circumstances stated in the affidavits herewith filed, which are to be taken and received as part hereof, in the same manner as if they were herein repeated, to rule the defendant to show cause why the plea of not guilty and defence on warrant, should not be struck out, &c., as a clerical error." And the

affidavits, moreover, fully state the grounds and reasons in support of the prayer.

We have hereupon the judgment of the court: that "having carefully examined the evidence filed, and heard the counsel for the parties, they order and adjudge that the clerk strike out the entry of the plea of not guilty, and defence on warrant; and suffer the judgment to stand as rendered for *want of a plea.*"

And thereupon, the defendant, by his counsel, prays an appeal from the judgment aforesaid, so as aforesaid rendered.

Here then, an alleged defect in the original judgment is specifically referred to in the rule to show cause, and the grounds and reasons of the prayer are further set forth in affidavits, all of which are made part of the case presented to the court. And it was said in argument, and may therefore be assumed here as a *concessum* of the counsel for the appellants, that if the defendant had further moved the court to strike out this judgment, the refusal of the court to do so, would then have opened the grounds upon which the judgment was made to rest, and presented a proper case for appeal. We cannot perceive how this would more distinctly indicate the point in issue, than the rule itself does, and the order of the court directing the judgment to stand; with the express reason of the court assigned: "*to stand for want of a plea.*" And, indeed, if the motion had been made by defendant's counsel as suggested, the appeal would still be properly from the judgment of the court, and not the refusal to strike out; and nothing would be attained by superadding another motion. The case of *Washington vs. Hodgskin,* in 12 *G. & J.,* at *p.* 355, will serve as an illustration. Upon the motion of the plaintiff there pending, for a judgment in attachment, the court permitted the garnishee to appear and overruled the motion for a judgment. Upon his motion, the court quashed the attachment, and the plaintiff moved for a re-hearing, and that the judgment be struck out, which motion the court also overruled; and the plaintiff prayed an appeal from the judgment. Upon the appeal here, this court say: "It was properly taken from the judgment of

the court below, quashing the attachment, and not from the refusal of the court to grant a re-hearing, &c."

It has been heretofore said by this court, in the case of the *Charlottee Hall School vs. Greenwell*, 4 *G. & J.*, 407, in reference to this act of 1825, that it does not apply to demurrers or motions in arrest of judgment. And the reason given is, that of themselves they disclose that the objection is to the pleadings; and by this objection "the whole record is brought to the view of the court." No particular defect in the pleadings, no particular grounds on which the verdict is impeached, are presented in such case, but the court examine the whole of the pleadings and issues, to arrive at the proper objection.

With how much more reason is it the duty of the court here to entertain this appeal? The application to strike out the pleas directs the attention of the court below to the defect in the judgment. They were called upon to correct an alleged clerical error, which stultified the judgment given by the court. The entries clearly showed a judgment rendered by default, when there were issues in the cause for a jury. Does this "appear to have been a point presented to the county court, and upon which that court rendered judgment," in the language of the act? We have the answer in their action upon the rule. For they direct the pleas to be erased, and order the judgment to *stand* "*for want of a plea;*" thus determining that this judgment on *nil dicit* was properly rendered against *Cushwa*. Is it not manifest, leaving out of view even the affidavits which support the case, that they had before them the precise point now under review, that is, the validity and legality of this judgment? It was shown to them that the state of the pleadings would not support the judgment as disclosed by the record. To enable it "to stand," the pleas must be removed; and by directing the clerk to erase them, they change the whole legal form and effect of the judgment, and the entire character of the record. All this is the result of the order of the court, *determining upon the effect of these pleas*, and the relation in which they stand to the whole, as constituting a legal record of a judgment. To this result they arrive, in entertaining the precise objection pre-

sented to them by the application of the plaintiff's counsel; correcting the record in the very particular and point presented to them. The question was whether these pleas were rightfully in the entries or not; and the interposition of the court changing the form of the judgment, indicates the point distinctly before them, and determined by them; and affords to this court the right and the means to review their proceedings, and to pronounce this judgment of the county court in any and every view defective and unsupported by the pleadings.

JUDGMENT REVERSED AND PROCEDENDO.