LEWIS JONES and Lewis Jones, Jr., Trading as Lewis Jones & Co., *v.* CHARLES T. FREEMAN.

*Decided June 25th, 1868.*

CONSIGNOR AND CONSIGNEE ; DEMURRAGE ; LIQUIDATED DAMAGES ; BILL OF LADING ; TERMS OF.

An action was brought under the Act of 1864, ch. 6, on a bill of lading, against the consignees of a cargo of potatoes, by the owner and master of the schooner aboard which they were shipped, to recover demurrage. The bill of lading allowed a certain number of working days for the discharge of the cargo, and required the consignees to pay demurrage at a certain rate for every day detained thereafter. A judgment by default for the want of an affidavit to the plea, was entered. *Held:*

That the bill of lading expressly stipulating for the payment of demurrage at a certain rate per day, is a contract within the provisions of the sixth section of the Act of 1864, ch. 6. (*a*)          p. 276

That the plaintiff having complied with the provisions of the Act of 1864, ch. 6, the failure of the defendant to receive notice of the affidavit to the plaintiff's declaration, through the omission of the clerk, furnishes no ground for striking out the judgment.          pp. 276-277

**274**    *When a consignee accepts the consignment in pursuance of the bill of lading, he accedes to and adopts the terms upon which the goods are shipped. (*b*)          p. 276

Appeal from the Court of Common Pleas.

This was an action of *assumpsit,* brought on the 9th of May, 1865, in the Court of Common Pleas of Baltimore City, under the Act of 1864, ch. 6, by the appellee to recover from the appellants $360, for nine days' demurrage. The declaration contained the usual money counts; and, in accordance with the provisions of the eighth section of the Act, had attached thereto the affidavit of the plaintiff, of the amount and correctness of his claim, and " the writing or account by which the defendants were indebted," being a bill of lading. The writ was made returnable on the second Monday of June, (" rule day,") in accordance with the first section of the Act of 1864, ch. 6, and returned " summoned," and Henry Stockbridge, Esq., entered his appearance as attorney for the defendants, and filed the plea: " That they never were indebted as alleged." The defendants did not file an affidavit with the plea, that the same was true, etc., as required by the seventh section of said Act; and accordingly, on the second Monday of July, " a judgment by default was entered for want of affidavit to plea," and the judgment extended on the 2d of November, 1865, for $370.80, with interest and costs.

On the 6th of January, 1866, the defendants, by their counsel, filed a motion to strike out the judgment, and assigned the following reasons therefor:

1. That the judgment was not obtained in accordance with the law and practice in this State.

---

(*a*)    See Code of Pub. Local Laws, Art. 4, secs. 167-168; as to unliquidated damages, and the Act of 1864, see *McAllister v. Eichengreen,* 34 Md. 54; see also *Wilson v. Wilson,* 8 Gill, 150, note (*b*).

(*b*)    Cf. *U. S. Tel. Co. v. Gildersleve, ante,* p. 247.

2d. That the cause of action is not a contract, and does not come within the provisions of the Act of Assembly of 1864, ch. 6, and hence the case stood on the docket as an original to the September Term of the court, and that the plea of the defendants did not require an affidavit.

3. For that the plea of the defendants was regularly filed, and the plaintiff was under " rule replication."

*This motion the court (King, J.,) overruled and the **275** defendants appealed.

The cause was submitted to Bartol, C. J., Stewart, Brent, Miller and Robinson, JJ.

*Henry Stockbridge,* for the appellants.

*Thomas M. Lanahan,* for the appellee.

Robinson, J., delivered the opinion of the court.

Demurrage was claimed by the appellee, upon the following bill of lading:

Shipped in good order and condition by Charles · Kimball & Co., on board the good schooner, called the R. L. Tay, whereof —— is master for this present voyage, now lying in the Port of Boston, and bound for Baltimore, Md., to say, forty-three hundred bushels potatoes (in bulk) on board, to be delivered. Seven working days allowed for the discharge of the potatoes, after that, consignee to pay demurrage at the rate of forty dollars per day, for every day detained, being marked and numbered as in the margin, and are to be delivered in like good order and condition at the aforesaid Port of Baltimore, Md., (the danger of the seas only excepted,) unto Lewis Jones & Co., or assigns, he or they paying freight for the said goods in United States currency, at fifteen cents per bushel, with primage and average accustomed. In witness whereof the master or agent of the said vessel, hath affirmed to three bills of lading, all of this tenor and date, one of which being accomplished, the others to stand void.

(Signed)                    C. T. FREEMAN.

Dated at Boston, ——186 }
2 c. U. S. Stamp.         }

Judgment by default being rendered for the plaintiff, for nine days' demurrage, at forty dollars per day, for want of **276** *affidavit to the defendants' plea, a motion was made to strike out the judgment; because the cause of action was not a contract within sec. 6, ch. 6, of the Act of 1864. That section provides that, " Every suit, where the cause of action is a contract, whether in writing or not, or whether express or implied, shall stand for trial or judgment on the first day of the term, or at the return day next succeeding the entry of the appearance of the defendant, whichever shall first happen, unless the time shall be extended by the court on cause shown."

In this case, it is expressly stipulated in the bill of lading, that, in case of the detention of the schooner beyond the seven days allowed for discharging the cargo, the *consignee* shall pay demurrage at the rate of forty dollars per day. It is true the contract was made between the freighter and the appellee, the owner and master of the boat. But we understand the law to be, that when a consignee accepts the consignment in pursuance of the bill of lading, he accedes to and adopts the terms upon which the goods were shipped. In *Harman v. Gandolphi,* Holt, N. P. 35, Chief Justice Gibbs said : " The consignee, by taking the goods, contracts with the owner of the vessel to perform the terms upon which they have undertaken to convey and deliver them." Abbott on Shipping, marg. 310. And in *Leer v. Yates,* 3 Taunt. 386, the liability of the consignee for demurrage was expressly decided. Whether this liability may or may not be qualified by circumstances which render it impossible to discharge the cargo within the time specified in the bill of lading, it is unnecessary, so far as this case is concerned, to decide. There being, therefore, an express contract to pay demurrage at the rate of forty dollars per day, it is our opinion that the cause of action comes within the provisions of sec. 6 of the Act of 1864, ch. 6. *Wilson v. Wilson,* 8 Gill, 192 ; *Smithson v. U. S. Tel. Co. ante,* p. 162. The second reason, because the defendants had not received notice of the affidavit to the **277** plaintiff's declaration, furnishes no *ground for striking out the judgment. It appears from the record, that the plaintiff was in no default. He had filed his account, bill of lading, declaration and affidavit, in conformity with the Act of 1864,

ch. 6. He is not to be prejudiced because the clerk, in making out copies of the same, omitted the affidavit.

Concurring with the ruling below, we affirm the judgment.

*Judgment affirmed.*