## CLAUDE M. ACKLEN *vs.* CHARLES E. FINK.

*Judgment by Default Not Stricken Out For Clerical Errors in Docket Entries.*

A judgment rendered under an inquisition against a defendant who was duly served with summons but failed to appear in person or by attorney will not be struck out afterwards merely on account of unimportant clerical errors in the docket entries, such as the formal entry of the appearance of the defendant on September 2nd, instead of September 1st, or the failure to enter on the docket "rule plea" after the declaration was filed. The defendant was in no manner prejudiced by such errors, and if he had a valid defence to the action he should have appeared according the notice served upon him.

Appeal from the Circuit Court for Howard County (JONES, C. J.)

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD, PEARCE, and SCHMUCKER, JJ.

*Charles T. Reifsnider* and *Leon E. Greenbaum* (with whom were *L. E. McComas, Geo. R. Gaither* and *E. O. Grimes, Jr.,* on the brief), for the appellant.

*James A. C. Bond* and *Francis Neal Parke,* for the appellee

BRISCOE, J., delivered the opinion of the Court.

The appellee brought suit against the appellant in the Circuit Court for Howard County on the 17th of August, 1901, to recover for the breach of a contract, and on the 20th day of March, 1902, a judgment was entered, under an inquisition, in favor of the plaintiff for $5,000 with interest and costs.

On the 9th of April, 1902, the appellant filed a motion to strike out the judgment, and from the order overruling this motion an appeal has been taken. The appellant filed thirteen reasons in the Court below, but those relied upon here and urged at the hearing, are, first: because the judgment was irregularly entered and operated as a surprise to the defendant; second, because the plaintiff failed to file a *narr.* in accordance with the rule of the Court; third, because the defendant was not laid under rule plea as he should have been ; fourth, because the defendant was never served with a copy of the *narr.* after it had been filed, and fifth, because the defendant has an entire and meritorious defence and would have shown the same, if he had an opportunity to defend the suit.

The sufficiency of the reasons relied upon by the appellant are denied by an answer filed by the appellee. The view we take of this case after an examination of the record makes it unnecessary for us to pass upon all of the objections urged by the appellant, because many of them are technical and cannot avail the appellant on this appeal.

It appears from the docket entries filed in the case, that the defendant was duly summoned to the September term, 1902, a regular term of the Circuit Court for Howard County, and did not appear in person or by attorney to defend the action. On the 9th of April, after the judgment had been entered, he appeared and moved to strike out the judgment which had

been entered in the case.   The defendant having been duly summoned, and the Court having jurisdiction over the cause and the party, the appellant, was clearly in default, under the rule which required him to plead, when the interlocutory judgment was entered by the Court below, on the 17th of March, 1902.

According to the docket entries, the following proceedings were had : "28th August, 1901, order fd. *Spna.* issd. Sd. 2nd. September, 1901, P. P. under rule for deft. rule *narr* and contd. 11th February, 1902, *narr* fd. 17th March, 1902, interlocutory judgment.   18th March, 1902, jury sworn and damage assessed at $5,000 and costs. Inquisition fd. 20th March, 1902.   Judgment on finding in favor of plaintiff for the amount of the penalty named in the bond $5,000 to be released upon the payment by the defendant of the amount of $5,000 found to be due with int. from date and costs.   9th April 1902, motion to strike out judgment and exhibit fd. 16th June, 1902, order setting motion for hearing on June 28th, 1902.   28th June, 1902, answer of pltff. fd. same day exhibits 1, 2 and 3 fd."

It will be thus seen that the entry of the personal appearance of the defendant on the 1st day of September, instead of the 2nd day of the month, was nothing more than a mere clerical error or misprision, that could have been corrected, upon application, and under the circumstances of this case, did not injure the defendant.   The appellant was summoned to the September term, the *narr* was filed on the 17th of February, 1902, and the interlocutory judgment was not entered until the 17th of March, 1902.   The defendant therefore had two terms of Court within which he could have appeared and defended the suit, before the 20th day of March, 1902, on which date the inquisition was had and the judgment rendered.

Nor do we find the failure of the clerk to make "the entry of rule plea" upon the docket after the filing of the *narr* a sufficient ground, under the facts of this case, to strike out this judgment.   There was no rule of Court requiring this to be done, and the defendant had ample opportunity

after the filing of the *narr* to appear and plead to the declaration.

In *Jones* v. *Freeman*, 29 Md. 276, this Court said that the failure of the defendant to receive notice of the affidavit to the plaintiff's declaration, furnished no ground for striking out the judgment, it appearing that the plaintiff was not in default. He is not to be prejudiced because the clerk, in making out copies of the same, omitted the affidavit. *Bond, Garn.,* v. *Citizens' Nat. Bank,* 65 Md. 498; *Charles Co.* v. *Mandanyohl,* 93 Md. 150.

We have examined the other objections relied upon by the appellant and we fail to discover any sufficient reason for disturbing the judgment in this case. If the appellant had a valid defense to the action, he should have appeared according to the notice and presented it. Having failed to do this, he is not entitled to relief from the results of his own default.

Finding no error, the ruling of the Court below will be affirmed with costs.

*Order affirmed.*

(Decided November 20th, 1902.)