## WALTER J. WATSON *vs.* H. H. GLASSIE, TRUSTEE IN. BANKRUPTCY OF HECTOR McNEILL.

*Rule Security For Costs in Equity Cases—Appeal.*

When an equity suit is brought by a non-resident against a resident of this· State, the defendant does not waive his right to require the plaintiff to give security for costs by answering the bill, since Code, Art. 16, sec. 152, provides that in all cases in chancery a rule security for costs may be laid at any time before final decree passed.

An appeal lies from an order refusing to require a non-resident plaintiff to give security for costs.

Appeal. from an order of the Circuit Court for Prince George's County (MERRICK, J.)

The cause was argued before McSherry, C. J., Fowler, Briscoe, Page, Boyd, Pearce, Schmucker and Jones, JJ.

*William A. Mcloy*, for the appellant.

*Jackson H. Ralston, Frederick L. Siddons* and *Harvey T. Winfield*, for the appellee, submitted the cause on their brief.

Fowler, J., delivered the opinion of the Court.

Henry H. Glassie, trustee in bankruptcy, filed a bill in the Circuit Court for Prince George's County, which was duly answered by the defendants. There were subsequent proceedings in the cause, but in order to dispose of the question presented by this appeal it is only necessary to say that after the bill was answered, the defendants on the 13th December, 1901, filed a motion for rule security for costs and on the 17th of the same month a *nisi* order was passed directing the plaintiff to give the usual undertaking for security for costs with security to be approved by the Clerk of the Court within twenty days after a service of a copy of said order, or in default directing the bill to be dismissed. On the same day that this order was passed and filed the plaintiff moved the Court to vacate and set it aside :

1. Because the defendant had waived the privilege to require security for costs by first putting in an answer ;

2. Because the residence of the complainant, being set out in the bill, the defendant did not, as he should have done, apply for security for costs before answering or taking another step in the cause.

This motion prevailed, and on the 7th January, 1902, the former order requiring the plaintiff to show cause why he should not give security for costs was rescinded on the ground that the non-residence of the plaintiff having been set forth in the bill the defendant had waived his right to have the rule laid after filing his answer.

From this order the defendant has appealed.

The action of the learned Court below was evidently based upon the well-established equity practice before the passage

of the Act of 1844, ch. 219, which is now codified as sec. 152, Art. 16. Under the old practice if the defendant having knowledge of the plaintiff's non-residence answered, or indeed if he took any proceeding whatever recognizing the plaintiff's right to sue, the right to have the rule laid was held to have been waived. *Mayer* v. *Tyson*, 1 Bl. 559, 565; *Hatton* v. *Weems*, 12 G. & J. 105; but the practice now, in this respect, is governed by the provision of the Code just referred to, viz., sec. 152, Art. 16, which is that "In all cases *in chancery* a rule security for costs may be laid at any time before final decree is passed." It appears from a certified copy of the docket entries which was supplied by the Clerk of the Circuit Court by the direction of this Court that while a final decree was passed on the 8th day of April, 1901, it was subsequently, on the 27th November of the same year, revoked and rescinded, the Court at the same time directing that the cause should proceed as if no such decree had been passed. Whereupon, that is to say, on the 13th of the following month an application for the rule was made, and, having been made before final decree it was in time and should have been granted. The case of *Spencer, et al.* v. *Trafford*, 42 Md. 18, has no bearing whatever on the question we are considering, for the decision of that case is based upon sec. 9 of Art. 24, relating to the laying of rule security in actions at law.

In conclusion it was contended that the appeal must be dismissed because the order appealed from is not final or in the nature of a final decree. But certainly such a contention cannot be seriously made, for the order appealed from denies and forever denies to the defendants, if it should be allowed to stand, a most valuable statutory right. And while it is true as contended by the appellee, that costs are within the discretion of the Court and, therefore, no appeal will be allowed from an order allowing or denying them, yet the order appealed from in this case is not such an order. By it *costs* are not dealt with, but the defendant is deprived of his statutory right to secure himself against loss in case of certain contingencies. That such a right is of great practical value is

apparent.   Indeed it may happen and does happen that the exercise of this right is the only shield which citizens of this State are able sometimes to interpose as a protection against troublesome and expensive litigation instituted against them by irresponsible non-residents.

> *Order reversed and cause remanded for further proceedings.   Costs in this appeal, here and the Court below, to be paid by the appellee.*

(Decided November 21st, 1902.)