THE WILKIN MANUFACTURING CO., Use the Old-
mar Investment Co., *vs.* CHARLES
O. MELVIN.

*Rule security for costs; does not extend time of pleading; rule
for bill of particulars. Scire facias; treated as declaration.
Return day; default in pleading; extension of time;
motion to strike out plea; exceptions; when neces-
sary. Judgment creditors; fiat against some
only. Presumption in favor of Courts.*

A rule security for costs is not connected with the pleadings,
and a defendant can plead as well before as after the rule has
been complied with.                              p. 101

Neither a motion for rule security for costs, nor the rule itself,
has the effect of extending the time for pleading.      p. 101

A defendant by pleading before a rule for a bill of particulars
is complied with, waives his right to require compliance
with it.                                         p. 102

For the purposes of pleading, a writ of *scire facias* is treated
as a declaration.                                p. 103

Where a rule of Court requiring the defendant to plead by a
certain return day or date, requires also the entry of the
rule to be made upon the docket, such an entry must be
made before the defendant can be put in default.      p. 103

Where the trial Court extended the time for pleading because
the rule security for costs had not been complied with, it
was *held,* that the defendant should not be made to lose his
right to file pleas, although the trial Court was in error as to
the effect of the rule security for costs.          p. 104

Ordinarily no bill of exceptions is required to bring up such
motions as motions to strike out pleas, etc., when the record
shows the motion and ruling of the Court thereon; but when
the motion consists for the most part of facts which are not

in the record, such facts should be brought up before the Court of Appeals by a bill of exceptions or some such means.

p. 107

Section 8, Article 75, of the Code of Public General Laws, does not include motions, and if a plaintiff moves to strike out a plea, and when overruled replies to the plea, he loses his right to have the motion reviewed by the Court· of Appeals unless he notes at the time an exception to the Court's ruling. . ' . p. 107

A plaintiff with an absolute right to a judgment under the Practice Act, when pleas have not been filed as required, waives his right thereto by filing a replication to the pleas.

p. 109

Assuming that the return "summoned" is a sufficient return to a *scire facias,* if the return is against a number of judgment creditors, the *fiat* should be asked for against them all, unless there is some reason shown for omitting any; but when on .appeal, in such a case, it nowhere appears in the record why certain of the judgment debtors were omitted, it should be presumed that the trial Court acted rightly in the matter.

p. 110

*Decided June 22nd, 1911.*

Appeal from the Circuit Court for Worcester County (JONES and TOADVIN, JJ.).

The ·cause was argued before BOYD, C, J., BRISCOE, PATTISON, URNER and STOCKBRIDGE, JJ.

*Adlai P. Barnes* (with whom were *Miles & Stanford,* on the brief), for the appellant.

*George M. Upshur* and *John H. Handy,* for the appellee.

.BOYD, C. J., delivered the opinion of the Court.

On the 3rd day of May, 1892, the Wilkin Manufacturing Company, for the use of the Wisconsin Marine and Fire Insurance Company Bank, recovered a judgment in the Cir-

cuit Court for Worcester County against James T. Young, Charles H. Colbourn, L. Fuller Hall, Lewis Thompson, Charles O. Melvin and William B. Allwine, partners trading as Young, Colbourn & Company. On April 9th, 1904, that judgment was entered to the use of The Oldmar Investment Company. On the 5th day of May, 1906, a *scire facias* was issued on it, and the sheriff made the following return: "Charles H. Colbourn, *non est;* Lewis Thompson, *mortuus est;* L. Fuller Hall, *non est;* residue, summoned severally."

There are two exceptions in the record, the first being on a ruling as to the admissibility of evidence and the second as to the granting of a prayer at the conclusion of the plaintiff's case, "that there is no legally sufficient evidence under the pleadings in this case to entitle the plaintiff to recover, and that the verdict must be for the defendant." A motion to dismiss the appeal was made on the ground that there was no final judgment; but the docket entries not only show "Verdict for defendant: Motion and judgment on verdict *nisi,* and for defendant's costs," but immediately following the second bill of exceptions this entry appears on the record: "Case was then submitted to the jury without any further testimony, and the verdict and judgment being for the defendant, the plaintiff appealed." There would seem, therefore, to be no question about there having been a final judgment, and the motion to dismiss the appeal will be overruled.

A number of motions were filed, as were also demurrers to the pleas. The *scire facias* was returnable the 3rd Monday of May, 1906, which was May 21st. The record is by no means clear, and it is not easy to understand by whom some of the motions were made. It will be observed that three of the defendants were returned "summoned," two *non est* and one *mortuus est.* The three returned "summoned" were Messrs. Young, Melvin and Allwine. As we understand, when the case was tried (Oct. 26, 1910) Charles O. Melvin was the only defendant then resisting a *fiat.*

On May 21st, 1906, there was a motion for rule security costs. That was the return day, but the record does not show which of the defendants made the motion. On July 20th, 1906, which was apparently during the first week of the second term of Court, there was a motion in writing for a judgment of *fiat* against Young and Melvin.

On October 22nd, 1906, there was a motion to strike out the latter motion, and on October 27th, a rule was laid on the plaintiff to give security for costs by the 2nd day of the next term. There was a motion by the plaintiff at the next term to strike out the rule security for costs, and a motion by defendants for judgment of non suit for non-compliance with that rule and then a motion to strike out that motion.

On February 1st, 1907, the motion to strike out the rule security for costs was overruled and the case continued. On May 8th a bond for security for costs was filed and a motion *ne recipiatur* filed as to that. On May 24th, 1907, the motion of October 22nd, 1906, to strike out the motion for *fiat* was granted, and the motion for non suit for non compliance with the rule security for costs was overruled. Then for the first time appears an entry of rule plea, which is: "Rule plea by second Monday in June, 1907." On June 10th pleas were filed.

Then on July 8th, 1907, there was another motion filed by plaintiff to strike out the rule security for costs, to rescind the order of Court laying the defendants under rule plea, to strike out all pleas filed thereunder, and for judgment of *fiat* for want of plea by the first rule day after return of the writ. On August 15, 1907, "rule plea as to Young appearing to have been laid improvidently," plaintiff's motion of July 8th to strike out pleas and for *fiat* granted as to Young, but overruled as to Melvin.

On September 5th, 1907, a demurrer to the pleas was filed, and on October 29th the demurrer was overruled as to the first and second pleas and sustained as to the third and fourth, with leave to plead and case continued. On

November 9th there was a joinder of issue on defendant's first plea (*nul tiel* record) and replication to defendant's second plea (limitations), and on December 9th joinder of defendant on plaintiff's replication. After some other motions and rulings the case was finally tried against Melvin, as we understand, although there is nothing in the record to show what became of Allwine. There was apparently a *fiat* against Young, at least the motion for one was granted, although the docket entries do not show it was entered.

We find a number of written motions in the record as to the pleadings, which the appeal on the judgment brings before us and some of them we will speak of. The important question in the case is whether the plea of the statute of limitations should have been received or afterwards stricken out.

At the argument it was said that it had been decided by one or more of the judges of the circuit from which this appeal came that a rule security for costs extends the time for filing pleas until after the rule is complied with. Without deeming it necessary to determine whether such a rule can be made on a non resident judgment creditor, in a proceeding to revive the judgment by *scire facias,* we have no doubt that a rule security for costs, and *a fortiori* a motion for such a rule, does not have the effect of extending the time in which to plead. Security for costs is in no manner connected with the pleadings, and a defendant can plead just as well before as after the security is given. It is true that section 9 of Article 24 of the Code provides that, "On such rule being laid, the plaintiff or plaintiffs shall have until the second day of the next term of the Court to comply therewith, and on his or their failure to do so he or they shall be non-suited," but that is in order to give the non-resident ample time to enable him to arrange for the security, although he may give it the very day the rule is laid. It may be laid at the appearance term and must be complied with by the second day of the next term, and there could be no possible reason why the pleadings should not in the

meantime be filed. If it extends the time for filing pleas, why does it not extend the time for filing a declaration? It is wholly unlike a rule bill of particulars, as the defendant may not know what to plead, until the bill of particulars is filed, and if he pleads before one is filed, he waives the right to require it, but that is not the case with a rule security for costs, for the reason that it has nothing whatever to do with the pleadings. It is said in 19 *Ency. of Pl. and Pr.,* 375, that, "Where it is incumbent upon a party to give security for costs, and he does not do so, the other party must make objection by plea in abatement or in some other appropriate manner, and is not excused from pleading or preparing for trial in proper time." The reference to "plea in abatement" we suppose is made to cases where the security must be given before suit, or something of the kind. Under the old practice in equity, if the defendant had knowledge of the plaintiff's non-residence when he answered, or took any proceeding recognizing the plaintiff's right to sue, the right to lay the rule was waived, but that has long since been changed in this State, and under the statute the rule can be laid at any time before final decree. *Watson* v. *Glassie,* 95 Md. 658. We were not aware until stated at the argument that it had ever been held in any part of this State that the rule extended the time for pleading at law, but as the lower Court apparently acted on that theory we deemed it proper to express our views on the subject.

Although we do not agree with that Court as to the effect of the motion just considered, the record shows that it treated the defendant as not under rule plea until that question was finally disposed of. Rule 20 of the lower Court provides that the second Monday of each month shall be rule day for pleading. Rule 21 provides that, "Whenever a rule is laid to declare or plead, or leave granted to amend, unless otherwise specially provided for, such declarations and pleadings shall be filed and amendments made on or before the rule day next thereafter. * * * And if either party shall neglect to file his pleadings at the time prescribed,

judgment of *non pros* or by default as the case may require,
shall, on motion, be entered up against him when the case
is called upon the first calling over the trial docket, *unless
the Court, for good cause shown, shall enlarge the rule."*
Rule 22nd provides that, "In every case upon the appear-
ance docket, where the defendant has been returned 'Sum-
moned' or 'Notified,' the plaintiff shall be considered as
lying under a rule to declare by the rule day next succeed-
ing the return day in the summons or notice; and in every
such case the clerk shall enter, as of course, a rule to declare
by the next rule day; but if a declaration be filed on or
before the return day in the summons or notice, the defend-
ant shall be considered as lying under a rule to plead by the
rule day next succeeding the return day in the summons or
notice, and in every such case the clerk shall enter, as, of
course, a rule to plead by the next rule day."

There is nothing in the record to show that a rule to plead
was laid before May 24th, 1907. That rule was complied
with, the pleas were filed on June 10th and a rule replica-
tion laid. It is true that the record does not show any entry
by which the Court had by order enlarged the rule, but it is
manifest that the Court and at least the defendant under-
stood that it was extended, until after the rule security for
costs was complied with, and when it was given on May 8th,
1907, the motion for a judgment of *fiat,* filed July 20th,
1906, was still pending. The clerk was probably also under
the impression that the motion for rule security for costs
extended the time to plead, for, as we have said, there is
nothing to show that he laid the rule to plead. Rule 21 cer-
tainly contemplates a rule to declare or plead as the case may
be, in order to put a party in default, and rule 22 does also.
There was no declaration in this case, but as the writ of
*scire facias* is, for the purposes of pleas, treated as a declara-
tion, the latter part of rule 22 is part applicable, if any of
those rules are, to this case.

The rule to plead laid on May 24th, 1907, was appar-
ently laid by order of the Court—at least the motion of the

appellant of July 8, 1907, so states. Rules to plead surely must have some purpose, and if the defendant is to be held to account for not pleading by the first rule day, and the same rule of Court which fixes the day of pleading requires a rule to plead to be entered, if it is not done, the defendant ought not to lose his right to plead—especially when the Court is of the opinion that under its rules he is not required to plead under the facts then existing. The plaintiff might have applied to the Court to lay the defendant under rule to plead, and then have had that question reviewed, if it refused and the case finally reached this Court, but as the Court had the power to enlarge the rule for good cause shown, and concluded that there was good cause shown, by reason of the pending motion for rule security for costs, as its action conclusively shows, it would be a great hardship to hold that merely because there was no formal order passed enlarging the rule, it could not be considered as enlarged.

In *Newcomer* v. *Keedy,* 9 Gill, 263, the plaintiff's counsel carried the *narrs.,* in several cases instituted by the plaintiff against the defendant, to the clerk's office and handed them to the deputy clerk who endorsed them, "Filed the 25th September, 1848." The counsel then offered to deposit them in the usual receptacle for such papers, and they were handed to him for that purpose, without any entry on the docket of having been filed. The defendant and his counsel called at different times to know if any *narr.* had been filed, and the docket and box of deposit both being examined by the clerk and his deputies, no indication of such *narr.* being in the office could be found. The pleas were under those circumstances filed after rule day, and upon a rule to show cause why the plea of the statute of limitations should not be struck out, the rule was made absolute. Upon appeal, our predecessors reversed the judgment entered, and said: "To deprive a defendant of a defence thus, which the law of the land says shall be a legal defence, the defendant should first be in default; and a party whose business it is to plead can never be in default, until the rule is laid or at

least supposed to be laid." It is true that the Court inti-
mated that if the defendant had had knowledge of the *narr.*
it might have been notice to the defendant that he was under
a rule to plead, but under such circumstances as we have in
this case there was no reason for the defendant to suppose
he was under such a rule. There was no such rule on the
docket, as the rules of Court provided for, and the Court,
construing its own rules, did not regard the defendant as
under rule to plead, until it was laid on June 10th.

In *Acklen* v. *Fink,* 95 Md. 655, there was a motion to
strike out a judgment by default. One of the grounds relied
on was that the defendant was not laid under rule plea. The
Court said: "Nor do we find the failure of the clerk to make
'the entry of rule plea' upon the docket after the filing of the
*narr.* a sufficient ground, under the facts of this case, to
strike out the judgment. *There was no rule of Court requir-
ing this to be done,* and the defendant had ample opportunity
after the filing of the *narr.* to appear and plead to the declara-
tion."

In *Marsh* v. *Johns,* 49 Md. 569, the denfendant filed his
plea, and a rule was laid upon the plaintiff to reply to the
plea and upon failure a judgment of *non pros* was entered
against him. Passing on it the Court said: "If the case is
not at issue when it ought to be, and does not stand under a
rule the Court will discontinue it for want of prosecution,
as it is always the duty of the plaintiff, or his attorney, to
take care that his case is put at issue by laying the proper
rule."

Courts will not permit parties to suffer because of the
omission of the clerk to file pleadings left by them with him,
if they are not in default, *May* v. *Wolvington,* 69 Md. 122,
and when there is a rule of Court requiring a rule to plead
to be laid, that ought to be done in order to put the party in
default. In this case, as we have seen, under the view of
the lower Court, the defendant was not required to plead
until the plaintiff gave the security for costs, and while we

think that was error, in point of fact the rule to plead was not entered, and the defendant should not be deprived of his right to file his pleas. It is true that the plea of the statute of limitations is not regarded favorable by the Courts, but when a judgment is above twelve years' standing the defendant is authorized by law to plead the statute and he should not be deprived of his right excepting according to law. In *Newcomer* v. *Keedy, supra, Hutton* v. *Marx,* 69 Md. 253, and other cases which might be cited, this Court has protected defendants' right to plead, notwithstanding pleas of statute of limitations would be filed as a result of the rulings. As an illustration of how far this Court has gone to save a party from default see *Heinekamp* v. *Beaty,* 74 Md. 388.

There is another question of practice of importance in this case. It is well settled that a replication to a plea of limitations filed after rule day waives the right to object to the plea (*Stockett* v. *Sasscer,* 8 Md. 374; *Hutton* v. *Marx, supra;* 1 *Poe,* sec. 616, 668).

In *Stockett* v. *Sasscer,* the leading case on the subject, the replication was filed before the motion of *ne recipiatur* was filed. In this case the pleas were filed on June 10th, 1907, and on July 8, a paper was filed, which contained a motion to strike out the rule security for costs (although that had already been overruled), to rescind the order of May 24th, 1907, laying defendants under a rule plea and to strike out all pleas thereunder, and for a judgment of *fiat* for the plaintiff for want of plea. On August 15th, 1907, that was overruled as to Melvin. On September 5th, the plaintiff demurred to the four pleas, and the demurrer was sustained as to the third and fourth, and overruled as to the first and second. On November 9th there was a joinder of issue on defendant's first plea, and replication to his plea of limitations and on December 9th, there was a joinder of defendant on plaintiff's replication.

No exception was taken to any of the rulings of the Court on the motions. Assuming that; under *Cushwa* v. *Cushwa,*

9 Gill, 242, and cases which have followed it, no bill of exceptions would ordinarily be required to bring up such a motion as one to strike out pleas, when the record shows the motion and ruling of the Court; the motion of July 8, 1907, was unquestionably for the most part based on alleged facts which are not a part of the record. Such facts could only have been brought before us by a bill of exceptions, or something equivalent to one, but if we treat the end of the sixth paragraph of the motion as sufficient to give a reason for striking out the pleas, independent of those not appearing in the record, the question still remains, can we now entertain that motion, inasmuch as the replication was filed?

That may seem a technical question, but upon what principal can we review that motion? Prior to the Act of 1867, if a demurrer was overruled and the party demurring then plead, he waived his rights under the demurrer. 1 *Poe,* section 591. Under that Act (now section 8 of Article 75 of the Code), when a demurrer is overruled, the party demurring has the right to plead over, without withdrawing his demurrer, and upon appeal is entitled by virtue of the terms of the statute to have the question at large arising upon the demurrer decided and determined. as if he had not pleaded over. But that section does not include motions, and if a plaintiff makes a motion to strike out a plea, and upon it being overruled replies to the plea, there is no statute reserving his right to still have his motion reviewed. If there was it ought to require him to except to the ruling on the motion in order to bring that before this Court. An exception would at least be some notice that he did not intend to waive his motion to strike out by pleading.

We have not found any case precisely in point, but in *Stockett* v. *Sasscer, supra,* the replication to the plea of limitations and the *ne recipiatur* were filed the same day, but the Court held that there was a waiver of the time for filing the plea. In that case an exception was noted and a bill of exceptions in the record. In this case the plaintiff made the motion to strike out the pleas (treating the paper

of July 8, 1907, to be such), then demurred to the pleas and then replied. Its demurrer is still entitled to be reviewed on appeal by reason of the statute (although the ruling on it was undoubtedly correct), but how can the motion be now considered—especially, as we have said, when the ruling on it was not even excepted to, or in some way reserved? There are cases in this State which are very analogous. In *Smith* v. *Woman's Medical College,* 110 Md. 441, the plaintiff moved for a judgment by default, for want of sufficient pleas and affidavit of defence, but the Court overruled the motion, and the plaintiff refused to join issue upon the defendant's pleas, judgment for the defendant for costs was entered. From that judgment the plaintiff appealed. It was there said: "The plaintiff pursued the course heretofore approved by this Court to test the sufficiency of the defendant's pleas, for had he joined issue thereon he would thereby have withdrawn the case from the operation of the Practice Act, and placed it upon the footing of a suit at common law." In *Traber* v. *Traber,* 50 Md. 1, also under the Practice Act, the Court said: "The course pursued by the appellant in joining issue upon the pleas, and the result of the trial upon the merits, preclude him from now raising the question of the regularity or sufficiency of the affidavit, or asking a reversal of the judgment on account of any defects therein. *If the appellant desired to raise that question on appeal, his proper course was to refuse to join issue on the pleas, and suffer judgment by default.* After the verdict against him on the merits, he cannot be heard to say there was no sufficient plea."

So when a defendant offers a prayer at the conclusion of the plaintiff's evidence to take the case from the jury, and it is rejected, if he proceeds with the case and offers evidence himself, the error, if any, in rejecting the prayer is waived and cannot be reviewed on appeal. *Barabasz* v. *Kabat,* 91 Md. 53. That decision was made notwithstanding the Act of 1894, provided that "the defendant shall not be precluded from offering evidence of defence, but any defend-

ant in any such action may offer evidence of defence as fully and to the same extent as though such prayer had not been offered." But inasmuch as it did not provide, as the Act of 1867 did in reference to demurrers, reserving the right of appeal, we held that the appeal did not bring up for review the ruling on a prayer so offered.

Now if a plaintiff who has the absolute right to a judgment under the Practice Act, unless pleas and affidavits be filed as required, will waive his right to such judgment by filing a replication to the pleas, upon what principle should a plaintiff be permitted to reply to a plea of limitations, and then, if he loses his case, rely on a motion made to strike it out? How does an appeal from the judgment bring up his motion when he has thus waived it? Surely it cannot be said that this plaintiff was placed in a position in which he had to reply to the plea. The replication to the plea of the statute of limitations alleged that the *scire facias* was issued before the 5th day of May, 1906, and that the judgment was not of twelve years' standing, etc. The record spoke for itself on those questions, and there could be but one result on that plea, which, if validly in, was a bar to the proceeding. The proper practice would have been to decline to reply, and then, upon judgment being entered for the defendant, an appeal could have been taken and the question regularly determined, whether the plea was filed in time. After all, that is the whole case—whether that plea should have been allowed to stand. With it in, the prayer granted by the Court was proper, and there was no error in granting it. There can be no difficulty about the ruling in the first bill of exceptions. We do not understand what the jury had to do with the docket entries in the case being tried, and at any rate the plaintiff got the benefit of those entries.

There was not only no rule plea, as we have heretofore said, on July 20, 1906, the time the motion was made for *fiat* for the want of a plea against James T. Young and Charles O. Melvin, but we find nothing in the record which

would have justified the Court in granting the *fiat* against
two of the judgment debtors.   Three of them had been
returned "Summoned," and there is nothing to show why
the third was left out of the motion.   In the absence of
something to the contrary, it must be presumed that the
Court acted propery, and it may have overruled that motion
by reason of the third party not being included.

When three of a number of judgment debtors are returned
"Summoned" (treating that as a sufficient return to a *scire
facias*), if a *fiat* is asked against only two of them, there
ought to be some reason shown by the record for leaving out
the third.   There may have been some reason why the motion
for a *fiat* did not include Allwine, but if there was it nowhere
appears in the record, and the presumption is that the Court
acted rightly.   We do not base our judgment on this, but,
as the record stands, it is an additional reason for not holding
that the motion of July 20, 1906, should have been granted.
Without further discussing other questions in the case, the
judgment will be affirmed.

> *Judgment affirmed, the appellant to
> pay the costs.*