# MARYLAND REPORTS.

APRIL TERM, A. D., 1878.

GOTTLIEB TRABER *vs.* FREDERICK TRABER.

*Act of 1864, ch. 6—Joinder of issue, and Verdict for defendant after overruling plaintiff's motion to have Judgment entered in his favor, on the ground of insufficient Affidavit to pleas—Appeal.*

The motion of the plaintiff in the Court of Common Pleas, to have judgment entered in his favor for the reason alleged, that there was no sufficient affidavit to the pleas under the Act of 1864, ch. 6, sec. 7, was overruled; the case at the instance of the defendant was then removed to the Circuit Court for Baltimore County, tried on its merits and the verdict and judgment being for the defendant, the plaintiff appealed. HELD:

That the appellant was not injured by the ruling of the Court of Common Pleas on his motion; that the pleas were valid in themselves, the only objection of the appellant was, that they were not verified by affidavit as required by the Act of 1864, ch. 6, but their truth was established by the verdict of the jury, and the want of an affidavit, or the insufficiency of the affidavit accompanying them, became immaterial.

To raise the question on appeal as to whether or not the affidavit was in conformity with the requirements of the seventh section of the Act of 1864, ch. 6, the proper course for the appellant was to refuse to join issue on the pleas and suffer judgment by default.

1                  v. 50.

APPEAL from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT, ALVEY and ROBINSON, J.

*M. Star Weil,* for the appellant.

*R. R. Boarman,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This suit was instituted by the appellant in the Court of Common Pleas of Baltimore City, and was removed to the Circuit Court for Baltimore County, from whose judgment this appeal has been taken.

The declaration was filed under the *Act of* 1864, *ch.* 6, with affidavit and account thereto annexed.

The defendant appeared and pleaded:

1st. That he never was indebted as alleged.

2nd. That he did not promise as alleged.

Appended to the pleas was an affidavit made on behalf of the defendant, by *Caroline Traber,* "*that the above pleas are true, and that he verily believes that he will be able at the trial of the cause, to produce sufficient evidence to support the same.*" Issue was joined on the pleas, which was afterwards on motion of the plaintiff, stricken out, whereupon the plaintiff moved the Court to enter judgment in his favor, notwithstanding the pleas "*for the reason alleged* that there is no sufficient affidavit to the pleas under *the* 7th *section of the Act of* 1864, *ch.* 6." This motion was overruled by the Court of Common Pleas. The case was then, at the instance of defendant removed to the Circuit Court for Baltimore County, where the same was tried, and the verdict and judgment being in favor of the defendant the plaintiff appealed; and alleges that there was

Traber *vs.* Traber.

error in the ruling by the Court of Common Pleas upon his motion and asks that the judgment be reversed.

It appears however from the record that upon the trial of the case upon its merits, in the Circuit Court to which it was removed, the verdict of the jury was in favor of the defendant. The plaintiff was therefore not injured by the ruling of the Court of Common Pleas on his motion.

The pleas were valid in themselves, the only objection of the appellant was that they were not verified by affidavit, as required by the Act of 1864. But their truth was established by the verdict of the jury, and the want of an affidavit or the insufficiency of the affidavit accompanying them became altogether immaterial.

We express no opinion, therefore, upon the question whether the affidavit was or was not in conformity with the requirement of the 7th section of the Act of 1864. The course pursued by the appellant in joining issue upon the pleas, and the result of the trial upon the merits, preclude him now from raising the question of the regularity or sufficiency of the affidavit, or asking a reversal of the judgment on account of any defects therein.

If the appellant desired to raise that question on appeal, his proper course was to refuse to join issue on the pleas, and suffer judgment by default. After the verdict against him on the merits, he cannot be heard to say there was no sufficient plea.

*Judgment affirmed.*

(Decided 24th July, 1878.)