Hutton & Co. *vs.* Marx Bros.

(Decided 13th June, 1888.)

---

GAUN M. HUTTON, formerly trading as G. M. HUTTON & Co *vs.* MARCUS MARX, and others, formerly trading as MARX BROTHERS.

*Pleading—Affidavit of Defence under sec. 170, of Act of 1886, ch. 184—Waiver of Right to move for Judgment by Default—Statute of Limitations.*

In an action on an open account the defendant pleaded "never indebted," "never promised," and the Statute of Limitations. An affidavit was made to the plea of the Statute, but not to the other pleas. The plaintiffs joined issue on the first two pleas and replied to the last plea. HELD:

Hutton & Co. *vs*. Marx Bros.

That the plaintiffs by joining issue on two pleas, and replying to the third, elected to go to trial on the pleas, and thereby waived their right to move for a judgment by default for want of a sufficient affidavit of defence under section 170 of the Act of 1886, ch. 184.

An affidavit to the plea of the Statute of Limitations in an action on an open account, containing different items, is defective as an affidavit of defence under section 170 of the Act of 1886, ch. 184, in not stating the amount of the plaintiffs' demand to which there is a defence, and the amount to which there is no defence. It is not sufficient that the affidavit states that the plea is true.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

*First Exception.*—This exception was taken to the action of the Court below in directing the clerk to enter a judgment by default against the defendant for want of a proper affidavit to the plea of limitations, under the Act of 1886, ch. 184.

*Second Exception.*—At the trial, Marcus Marx, one of the plaintiffs testified that his firm had shipped the goods for which this action was brought in 1876; that a balance of some $344.71 remained due in 1877, which balance had never been paid; that his firm had failed and made an assignment to one Lippman in 1879, which assignment was recorded; that he, Marcus Marx, had subsequently paid the debts of the firm, and that an assignment in writing was made to him of the *choses in action* of said firm, which writing he did not produce. There was no other evidence offered by either side.

The defendant then offered the following prayers:

1. That there is no evidence to entitle the Court to deprive the defendant of the advantage of the plea of limitations as filed by him in this cause.

2. That although the jury find that the plaintiffs rendered the services, furnished the materials, as testified to by the witnesses in the cause, still the plaintiffs are not entitled to recover, there being no evidence in this cause to show there was an assumption or promise by the defendant within three years before the bringing of this suit, to pay for the same.

3. It appearing from the evidence of the plaintiffs, that there was an assignment of record of the firm of Marcus Marx & Bros. to Nathan Lippman, in the absence of any proof of a re-assignment by said Lippman, of record, the verdict of the jury must be for the defendant.

The Court (STEWART, J.,) rejected these prayers, and the defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, BRYAN, and McSHERRY, J.

*John E. Semmes,* for the appellant.

*Baker Johnson,* and *Richard M. Duvall,* for the appellees.

BRYAN, J., delivered the opinion of the Court.

Marx and others sued Hutton on an open account, which appeared to have been contracted in the years 1876 and 1877. The defendant pleaded *never indebted; never promised* and *limitations.* An affidavit was made to the plea of limitations, but not to the other two pleas. The plaintiffs joined issue on the first two pleas, and replied to the plea of limitations. By leave of the Court, the plaintiffs withdrew the joinder of issue and the replication; and moved for a judgment by default for want of a sufficient affidavit of defence under the Act of 1886, chapter 184. The Court entered

judgment by default, and an inquisition of damages was taken at the bar.

It was objected to the affidavit that it did not comply with the requirement that it should " state the amount of the plaintiffs' demand, if anything, admitted to be due or owing, and the amount disputed." The plea of limitations admits the whole of the plaintiffs' claim to be due, but sets up a statutory bar to the recovery of it. The affidavit that the plea is true would then according to its verbal import satisfy the terms of the Statute. But we suppose the meaning of the Act to be, that the affidavit should state the amount of the plaintiffs' demand to which there is a defence; and the amount to which there is no defence. Now, if within three years before the bringing of the suit, the defendant had admitted a single item of the plaintiffs' account to be due, the plea of limitations would have been defeated as to that item, while it would have been a good bar to all the other items in the account. *Beltzhoover vs. Yewell*, 11 *Gill & Johnson*, 216; *Sprogle vs. Allen*, 38 *Md.*, 331. We think, therefore, on the authority of *Adler vs. Crook, et al.*, 68, *Md.*, 494, that we are obliged to hold this affidavit defective. But the objection to it must be made at the proper time, and in the appropriate manner. The Act requires that a motion in writing should be made for a judgment. In this case, the plaintiffs joined issue on two pleas, and filed replications to the third. From From these steps, it is a conclusion of law that the plaintiffs elected to go to trial on the facts averred in the pleas; there would otherwise be no significance in thus pleading to them. And if they elected to go to trial on the pleas, they necessarily waived their right to move for judgment, notwithstanding their existence; as these two proceedings are inconsistent with each other.

It is very often that a party loses a right by not exercising it at the proper time. If he does not object to incompetent testimony at the time it is offered, he cannot do so afterwards. If he pleads in bar, he waives the right to plead in abatement. If he pleads over, it is held at common law, that he waives all formal objections which would not have been good on general demurrer. *Stephen on Pleading,* 179. But questions have passed to judgment in this Court which are more closely analogous to the matter in hand. In *Belt vs. Blackburn,* 28 *Md.,* 227, it appeared that an answer to a bill for an injunction had not been sworn to by all the defendants. A motion being made to dissolve the injunction, it was insisted by the complainants that the motion could not properly be heard on such an answer, and that it ought to be taken from the files of the Court. It was not questioned that the answer ought to have been sworn to by all the defendants, whose answer it purported to be; but it was contended that the complainants had waived their right to make the objection. After the injunction was granted, an appeal had been taken to the Court of Appeals, where the order granting the injunction was affirmed and the cause remanded. After the reinstatement in the Circuit Court, a day was fixed for the hearing of the motion to dissolve, and leave was given to take proof. Both parties took a large amount of testimony; and on the day set for the hearing, the exception to the answer was taken for the first time. It was overruled and the injunction dissolved. This Court held that the objection to the answer was waived, and affirmed the decree below; thus holding that the complainants by not asserting their right at the proper time had lost the opportunity to take advantage of defects in the affidavit to the answer, which would otherwise have been fatal. In *State vs. McCarty,* 60 *Md.,* 373, a

rule, *security for costs* was laid, and afterwards the case was continued by consent; it was held that the plaintiff had waived his right for that term to insist on the rule. In *Stockett vs. Sasscer*, 8 *Md.*, 374, the plea of limitations was filed after the rule day, and the plaintiff filed a replication. It was held that the irregularity as to the time of filing the plea was waived, and that it could not be stricken out. The plaintiff having two courses of proceeding open to him passes by one of them and adopts the other which is inconsistent with the first. There is nothing in the circumstances of this case, which should relieve him from the usual consequences of his election. It was error to enter judgment on the plaintiff's motion, and it must be stricken out.

As judgment by default had been rendered, the questions in the second bill of exceptions could not properly be presented to the Court below.

<div align="right">

*Judgment reversed, and*
*cause remanded.*

