(Decided June 29th, 1898.)

---

# WILLIAM LAUBHEIMER *vs.* JOHN M. NAILL.

*Practice under the Rule Day Act—Failure to take Judgment for Amount Admitted by Defendant's Affidavit— Renewal of Promissory Note—Burden of Proof.*

Under the Rule Day Act relating to Baltimore City (Act of 1894, chap. 173) when the defendant's affidavit admits that a part of plaintiff's claim is due, the plaintiff is entitled to a judgment for that amount, upon motion in writing, but if he does not take judgment and goes to trial after joining issue on the pleas, then the whole case is open and it is competent for the defendant to show that his admission of a part of the debt was made under a mistake and that he owes nothing.

The endorsement on a note, by the maker, of the words, " renewed for one year from date " does not create an in-

debtedness by the maker if none then existed, nor preclude him from showing that in fact the note had already been paid.

Plaintiff sued under the Rule Day Act, filing, as his only cause for action, a promissory note for $200. Defendant's affidavit admitted that $59 was due and disputed the balance. Plaintiff did not take judgment for $59, but joined issue. At the trial plaintiff claimed under the note and also upon open account, reduced, by defendant's payments, to $59. Defendant denied the existence of the open account and claimed that his payments should have been credited on the note, by which it was overpaid. *Held*, that defendant's admission in the affidavit to the plea was not then conclusive upon him and that he is entitled to have the jury instructed that the burden of proof is upon the plaintiff to establish his claim by a preponderance of evidence.

Appeal from the Court of Common Pleas (HARLAN, C. J.). The defendant's first and second prayers which were refused were as follows: 1. The defendant prays the Court to instruct the jury that the defendant is entitled to have deducted from the plaintiff's claim such sum of money as the jury find the defendant has paid the plaintiff on account of said claim, and the plaintiff is only entitled to recover the balance, if any, unpaid, notwithstanding the fact that the jury may find that the defendant, on April 17th, 1896, wrote upon the note offered in evidence the words "renewed for one year from this date." And if the jury find that the defendant had paid to the plaintiff on his said claim an amount equal to or greater than his said claim, then their verdict should be for the defendant. 2. If the jury believe that the defendant prior to April 17th, 1896, had paid to the plaintiff various sums of money on account of the defendant's indebtedness to the plaintiff, then the jury should deduct such sums from the indebtedness aforesaid, notwithstanding they may further find that the defendant on the above date, wrote upon the note offered in evidence the words "renewed for one year from this date."

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, ROBERTS, BOYD and PEARCE, JJ.

*James P. Gorter,* for the appellant.

*Frank Gosnell,* for the appellee.

PEARCE, J., delivered the opinion of the Court.

This suit was instituted by the appellee in the Court of Common Pleas of Baltimore City, and the *narr.* was filed under secs. 167 and 168 of Art. 4, of the Local Code of Baltimore City (known as the Rule Day Act), as amended by ch. 173 of 1894. The *narr.* contained the common counts and a count upon a promissory note for $200, which note was filed, and annexed thereto was an affidavit of the plaintiff that there was " justly due and owing by the defendant to the plaintiff, on the annexed promissory note (the cause of action in said cause) the sum of $200 with interest from January 20th, 1893, over and above all discounts." The defendant appeared and pleaded: 1st. That he never was indebted as alleged. 2nd. That he did not promise as alleged; and appended to these pleas his affidavit, " that every plea so pleaded is true, and that he admits $59 of the plaintiff's claim to be due and owing, and $141 is disputed," &c. The sum thus admitted to be due was below the jurisdiction of the Court, but the plaintiff instead of taking judgment, as he might have done for the amount so admitted, and joining issue as to the disputed portion, joined issue generally on the defendant's pleas, and the case proceeded to trial in regular course. The plaintiff offered one prayer which was rejected, and the defendant offered five prayers which were rejected, and the Court gave no instructions to the jury. The defendant excepted to the rejection of his prayers, and the jury rendered a verdict for the plaintiff for $260, on which the judgment was entered from which this appeal is taken. Before considering the prayers, it will be necessary to consider the purpose and effect of the Rule Day

Act, and to determine, in view of what was done under
that Act, and what was done outside of it, how far this
case is controlled by it.   An examination of this Act
makes it clear that its purpose was to provide a sum-
mary method of obtaining judgment upon admittedly
just claims, and to accomplish this purpose, both plain-
tiff and defendant are required before the case is brought
to trial, to present their respective contentions under
oath, and thus to eliminate from the matters to be put
to formal issue, everything claimed in the plaintiff's affi-
davit and not disputed in the defendant's affidavit.   The
effect of full and fair compliance with these require-
ments entitles the plaintiff, on motion in writing after
fifteen days from the return day, to judgment for what
is conceded by defendant, and to proceed forthwith to
trial as to what is disputed.   As is said in *Adler* v. *Crook*,
68 Md. 497: " The object of this Act is the speedy col-
lection of debts in Baltimore City, and we see no diffi-
culty in applying them in practice.   They do not change
or affect the rules of pleading—all that this Act requires
is that; in addition to the plea, defendant must state
specifically to what part of the plaintiff's claim his plea
applies.   If to the whole, he must so state, and if to
part, he must state what part.   The affidavit only nar-
rows the scope of the plea to the precise point in issue."
The plaintiff is not entitled to judgment, unless at the
time of action brought, he files an affidavit stating the
true amount the defendant is indebted to him over and
above all discounts, and also files the bond, promissory
note, or other writing or *account*, by which the defend-
ant is so indebted; or if the action is founded upon a
verbal or implied contract, unless he files a statement
of the particulars of the defendant's indebtedness there-
under.   This being a statutory proceeding, no remedy
can be had thereunder without a strict compliance with
its provisions, and it is plain from the language of the
Act: 1st. That no judgment can be had under it upon
any cause of action not verified by proper affidavit; and
2nd. That when any cause of action is so verified, the
defendant cannot defeat judgment as to the whole or

any part thereof, unless his plea states what part of the plaintiff's claim is admitted and what part is denied, and is verified by proper affidavit, or, as expressed in *Adler* v. *Crook, supra:* " The object of the Act is in cases to which it applies, to obtain from both plaintiff and defendant, a *definite* and sworn statement of both *the claim* and defence, if any, so that the parties may know exactly where they differ, and shape their action accordingly." It follows, therefore, in this case, that the remedy and procedure under this Act are available only as to the cause of action which was verified by affidavit, the promissory note, and that the defendant so far as that Act is concerned, was only required to verify his plea in respect to the verified cause of action. We think it is manifest also that the experienced and able attorney of the plaintiff when he filed the *narr.* with the note and affidavit, understood the note to be the sole cause of action; otherwise he would have filed the open account, together with the note, and the alleged credits on the account, and would have required the plaintiff to verify the account as well as the note, and the defendant to verify his plea as to the note and account; and we think it is equally manifest, that when defendant verified his plea, he understood, as he had a right to do, that he was called on only to defend against the promissory note which plaintiff set forth in his affidavit as the sole cause of action. Had the plaintiff desired to avail himself at the trial of the Rule Day Act, he should have taken judgment on motion in writing for the $59, admitted by the plea, and joined issue on the $141 which was disputed, and the execution of the judgment or judgments obtained, would have been a matter of procedure under that Act. But instead of doing this he joined issue on the defendant's pleas *as filed,* not as narrowed in their scope by the affidavit; and in doing this he withdrew the case from the operation of the Act, and placed it in all respects on the footing of a suit at common law, as was held in *Hutton* v. *Marx,* 69 Md. 252. There the defendant's affidavit was in fact defective. Plaintiffs joined issue on two pleas, and replied

to a third but subsequently withdrew the joinder of issue and replication, and took judgment on motion, for want of a proper affidavit.   On appeal from the order to enter judgment, JUDGE BRYAN said: "The plaintiffs joined issue on two pleas and replied to a third.   From these steps it is a conclusion of law that the plaintiffs elected to go to trial on the facts averred in the pleas; there would otherwise be no significance in thus pleading to them.   And if they elected to go to trial on the pleas they necessarily waived their right to move for judgment, notwithstanding their existence; for these two proceedings are inconsistent with each other." This cause therefore stood for trial as if the Rule Day Act had no existence.

" Where the defendant has appeared and pleaded and the cause has been brought to trial in regular course, the affidavit filed with the declaration to entitle the plaintiff to a judgment by default, in no manner controls the nature and character of the proof that may be offered by the plaintiff in support of his action." *Mc-Sherry* v. *Brooks & Barton,* 46 Md. 122; *Traber* v. *Traber,* 50 Md. 1.   No argument is required to show that the above authority is equally applicable to the defendant's affidavit in respect of the nature and character of proof he may offer in support of his defence.   The affidavits are in no sense part of the pleadings, and as this case is presented, neither plaintiff nor defendant, is in any manner to be bound or prejudiced by his own affidavit, nor can either avail himself of any benefit of his adversary's affidavit except in so far as the respective averments of these affidavits may strengthen or weaken the other testimony of the party making the affidavit.   The plaintiff is at liberty to claim anything recoverable under his declaration, and the defendant may avail himself of any defence and any evidence admissible under his plea. 46 Md. 122.

We now come to the ruling on the prayers as based on the evidence in the case.   We find the plaintiff claiming both on the promissory note of $200 and the open account of $340, while the defendant denies that any

open account ever existed, but admits the execution and delivery of the note, and claims it has been fully paid through the credits admitted by the plaintiff, which are more than sufficient for that purpose. It is thus evident that the only thing actually in controversy between the parties is the existence of the open account for $340. The plaintiff's testimony if accepted by the jury as controlling the case, proves an open account of $340, reduced by credits applied by him to the open account (in the absence of any application by the defendant) to $59, and also proves the whole of the note to be due and unpaid. The defendant's testimony, if believed by the jury, shows there never was any open account between the parties, and that the credits of $281 must have been paid by him, as he swears they were paid, on the note, though they in fact exceeded the amount due on the note. Plaintiff and defendant were the only witnesses. The slips of paper upon which plaintiff testified he kept a memorandum of the debits and credits in the open account, and the checks of plaintiff, and receipts of defendant for payments made, as well as the cash book produced by plaintiff upon notice served, were offered in evidence, but it does not appear from the record what light they throw upon the transaction. It is plain from what we have heretofore said that the admission by defendant in his affidavit, *as the case then stood*, that $59 was still due on the note, was made on the supposition that his credits, as he still claims they should have been, had been applied on the note, and this concession made under such circumstances, cannot be regarded as *conclusive* upon him *in this trial* as an admission of any amount due on the note—whatever effect may be given to it by the jury—on consideration of all the evidence in the case; but the rejection of the plaintiff's fifth prayer is apparently based upon the view that this admission was conclusive upon the defendant.

Before the plaintiff can recover both the amount of the note and the open account, less the credits he admits, he must establish by legal proof to the satisfaction of the jury, that both were actually due and owing by the

defendant, and upon that issue the defendant was entitled at least to some one instruction offered by him, if it correctly announced the law applicable to the facts in evidence.  His fifth prayer, which instructed the jury that the burden of proof is upon the plaintiff to establish his claim by a preponderance of evidence, states a correct proposition fully applicable in this case, and we think should have been granted.  *Ohlendorf* v. *Kanne,* 66 Md. 499, 500.  There a prayer was refused " that the burden of establishing the contract set up by the plaintiff in this case by a preponderance of testimony satisfactory to the jury, is upon the plaintiff, and that if the testimony in this case should be such as to leave the minds of the jury in a state of equipoise as to the making of the contract their verdict should be for the defendant "; and on appeal this Court said that prayer announced a correct legal proposition, and should have been granted.

In *Powers* v. *Powell,* 13 Pick. 69, the rule is laid down by CH. J. SHAW with his accustomed force and clearness in these words:  " Where the proof on both sides applies to the affirmative or negative of one and the same issue or proposition of fact, the party whose case requires the establishment of such fact, *has all along* the burden of proof, although the weight, in either scale may at times preponderate."   See also *Coit* v. *Churchhill,* 61 Iowa 296.

For error therefore in rejecting this prayer the judgment must be reversed.

As the case must be remanded for a new trial we think it proper to advert to the other prayers of the defendant. By his 1st, 2nd, 3rd and 4th prayers, which all present substantially the same legal proposition, the defendant sought to have the jury instructed as to the legal effect of the entry made by him on the note April 17th, 1896, " Renewed for one year from date."  The whole question before the jury was one of indebtedness *vel non.* Whatever indebtedness they found to exist, they were bound to include in their verdict; but if they found none to exist, they were bound to give their verdict for de-

fendant.  The entry made on the note was competent proof of defendant's recognition of existing indebtedness—if the jury found such indebtedness and that the entry was made as such recognition—but it could not *create an indebtedness,* if the note had in fact been paid, and if the jury found it had been paid, defendant could not be held by virtue of such entry.  It was for the jury to find from all the evidence, whether that entry was made because defendant knew he owed the whole note and intended thereby to acknowledge an indebtedness existing in fact, or whether he made it simply to keep the note alive for such balance as he testifies he then thought might be unpaid, and without any implied recognition of the open account.  If he did not in fact owe the plaintiff anything April 17th, 1896, this entry could not make him owe anything.  We think these prayers correctly instructed the jury as to the legal effect of the entry and should have been granted.

> *Judgment reversed and new trial awarded.*

(Decided June 29th, 1898.)