# THE FARMERS AND MECHANICS BANK OF WEST-MINSTER, MD. *vs.* DANIEL W. HUNTER.

*Local Practice—Denial of Signature of Note in Affidavit to Plea.*

Code, Public General Laws, Art. 75, sec. 108, provides that whenever the execution of any written instrument is alleged in the pleadings the same shall be taken to be admitted for the purposes of the action unless denied by the next succeeding *pleading* of the opposite party. But the Act of 1890, ch. 136, provides that in any suit in the Circuit Court for Carroll County, if there shall be filed with the declaration in the cause, any paper purporting to be signed by any defendant therein, the fact of the genuineness of such signature shall be deemed to be admitted for the purposes of the cause unless the *affidavit* to the plea shall further state that the affiant knows that such signature was not written by the person whose signature it purports to be. In an action in Carroll County on a promissory note alleged to have been executed by the defendant as a joint and several maker, the defendant filed the general issue pleas and in the affidavit filed therewith denied that the note sued on was signed by him or with his authority. *Held*, that in a suit under the local Act it was not necessary for the defendant to deny the genuineness of the signature in his plea, but the denial of the same in the affidavit was sufficient, and that consequently in this case evidence to show that the note was a forgery was admissible under the general issue plea.

Appeal from the Circuit Court for Carroll County (THOMAS, J.)

*Defendant's 3rd Prayer as Granted.*—That if the Court shall find from the evidence that the note sued on in this case was signed by the defendant as surety for Jesse B. Powder, and that the plaintiff knew that the defendant had signed said note as surety for said Powder and shall further find that the plaintiff, with such knowledge, accepted, February 26th, 1902, from said Powder, interest on said note to July 2nd, 1902, without the consent of the defendant and without any reservation on the part of the plaintiff of the right to sue on said note before July 2nd, 1902, if it shall so find, then its verdict must be for the defendant.

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD, PEARCE and SCHMUCKER, JJ.

*James A. C. Bond* and *F. Neal Parke*, for the appellant.

*Guy W. Steele*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The material question in this case relates to the proper construction of a local law for Carroll County, sec. 16G of chapter 136, of the Acts of 1890, known as the Local Practice Act for that county.

The plaintiff below, who is the appellant here, brought a suit in the Circuit Court for Carroll County, against the defendants, Jesse B. Powder, Clara B. Powder and the appellee, Daniel W. Hunter, upon a promissory note, dated the 2nd day of July, 1901, and payable six months after date to the plaintiff, for the sum of three hundred and fifty dollars, payable at its banking house in Westminster, Md., and purporting to be signed by the defendants with the following endorsements thereon : "Feb. 26th, 1902.    By cash on account $50.00 and interest paid to July 2nd, 1902."

Two of the defendants were returned *non est* and the case was tried against the defendant Hunter before the Court, sitting as a jury, and on the 13th day of December, 1902, a judgment was entered in favor of the defendant, from which the plaintiff has appealed.

It appears from the record that the plaintiff's declaration was filed under the local Act (Act 1890, ch. 136), applicable to Carroll County, and contained the usual counts, and a count upon the promissory note, and the affidavit as required by the Act.

Hunter, the defendant, appeared on the 12th day of August, and pleaded, first, that he never was indebted as alleged, second, that he never promised, as alleged.   To these pleas he made the following affidavit ; that each of them was true as pleaded ; that no amount of the plaintiff's claim or demand was admitted to be due or owing ; that the whole amount of the claim or demand and each and every part thereof was disputed, and he knows that the paper or promissory note filed

with the declaration, was not signed by him, or by his authority, and that the signature or name thereto, purporting to be his was not written by him or by his authority.

The plaintiff at the trial of the case, to maintain the issue joined, offered the note in evidence, which, upon objection, was admitted, subject to exception, and closed its case. The uncontradicted evidence upon the part of the defendant, as to the signature to the note, was admitted subject to exception. The defendant testified that he never signed the note or any other note for Jesse Powder, except one five years ago, for twenty dollars, and the signature to the note, was not in his handwriting.

This testimony as to the signature to the note, was stricken out at the close of the case, upon motion of the plaintiff, but a motion to strike out the note as evidence on the part of the defendant, was denied by the Court. There was no exception to the action of the Court upon this ruling, but as the question is directly presented on the exceptions to the prayers, and as its determination disposes of this case, we shall consider it here.

The ground of the action of the Court, in striking out the evidence of the appellee as to the denial of the signature, is stated to be, because the signature of the note was not denied by the defendant's plea, and was therefore admitted under sec. 108 of Art. 75 of the Code, which provides that whenever the execution of any written instrument, filed in the case, is alleged in the pleadings in any action or matter of law, the same shall be taken as admitted for the purposes of the action or matter, unless the same shall be denied by the next succeeding pleading of the opposite party.

But it will be seen by reference to the declaration, that the suit in this case, was brought under sec. 16G, ch. 136 of the Acts of 1890, *supra*, which provides that in any suit in the Circuit Court for Carroll County, if there shall be filed with the declaration in the cause, any paper purporting to be signed by any defendant therein, the fact of the genuineness of such signature shall be deemed to be admitted for the purposes of

the cause, unless the affidavit shall further state that the affi-
ant knows or has good reason to believe, that such signature
was not written by, or by the authority of the person whose
signature it purports to be.

The effect of this Act is to permit the defendant, in suits
brought under the Act, to deny in the affidavit to the plea
the genuineness of the signature of any paper purporting to
be signed by the defendant, and if this is done, the signature
thereto will be put in issue, and not be deemed as admitted
for the purpose of the suit.

The affidavit to the plea in this case, expressly states that
the defendant knows that the paper or promissory note filed
with the declaration in said cause, was not signed by him or
by his authority, and that the signature or name thereto pur-
porting to be his, was not written by him or by his authority.

We are of the opinion that this was a sufficient denial of
the signature to admit the defense of forgery relied upon by
the defendant, and was in accordance with the express terms
of the Act.

The case of *Laubheimer* v. *Naill,* 88 Md. 174, cited by the
appellant, is unlike this. There the Court held that the de-
fendant's affidavit was defective, and the case stood for trial as
if the Rule Day Act had no existence.

But aside from this, the plaintiff joined issue upon the de-
fendant's pleas, and elected to go to trial upon the issue thus
made up. This was a clear waiver of the right to move for
judgment for the want of a proper plea, and the evidence was
admissible under the general issue. *Laubheimer* v. *Naill,* 88
Md. 497; *Hutton* v. *Marx,* 69 Md. 252; *McSherry* v. *Brooks
and Barton,* 46 Md. 122; *Traber* v. *Traber,* 50 Md. 1.

The effect of the ruling of the Court as made in the ex-
clusion of the defendant's evidence, was to admit the signa-
ture of the note, when in fact it was denied by the affidavit,
and when the evidence showed the signature was a forgery.

There were two exceptions reserved during the course of
the trial, to the ruling of the Court. The first to the over-
ruling of a special exception to the granting of the defend-

ant's third prayer, as modified by the Court, and second, to the rejection of the plaintiff's seven prayers, and to the granting of the defendant's third prayer as modified by the Court. There was error in granting the defendant's third prayer, and the plaintiff's exception thereto should have been sustained.

There was no evidence upon which such a prayer could be based, even if the legal proposition submitted thereby should be conceded to be correct. In fact the exclusion of the evidence offered upon the part of the defendant to establish the defense of forgery, practically left the case without evidence at all to support the finding of the Court for the defendant and the judgment entered thereon. The plaintiff's prayers were properly rejected.

For the errors indicated, the judgment will be reversed, and a new trial awarded.

> *Judgment reversed and new trial awarded, with costs.*

(Decided April 1st, 1903.)