## FARMERS' AND MERCHANTS' NATIONAL BANK *v.* AGNES H. HARPER.

*Appeal—Waiver of Objection—Proceeding with Trial.*

In an action on a promissory note, plaintiff, having duly excepted to the action of the trial court in overruling its motion *ne recipiatur* to a plea of forgery filed by defendant, did not, by replying to such plea and proceeding with the trial, waive its right to a review on appeal of the overruling of the motion.
pp. 129-140

As a general rule, either party has open to him a review in the appellate court of all adverse rulings of the trial court when properly presented by the record, either shown by the

record entries or by bills of exceptions seasonably taken and properly authenticated.                                          pp. 131, 138

*Decided May 6th, 1927.*

Appeal from the Circuit Court for Queen Anne's County (WICKES and KEATING, JJ.).

Action by the Farmers' and Merchants' National Bank of Cambridge against Nathaniel B. Harper and Agnes H. Harper. From a judgment for the last named defendant, plaintiff appeals. On reargument. Former decision of the Court of Appeals (151 Md. 358), reversing the judgment of the trial court, affirmed.

The argument was before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*William L. Rawls,* with whom were *A. Stengle Marine, Fred R. Owens, W. Brewster Deen, William J. Rickards,* and *J. H. C. Legg* on the brief, for the appellant.

*Wm. Mason Shehan,* with whom were *T. Alan Goldsborough, E. H. Brown, Jr., Madison Brown,* and *Harper & Horney* on the brief, for the appellee.

DIGGES, J., delivered the opinion of the Court.

The single question originally submitted for decision in this case was the ruling of the lower court in permitting the plea of forgery to be filed by the appellee subsequent to her general issue plea upon which the plaintiff had joined issue. On this question we held that there was error in permitting the plea of forgery to be so filed. A motion for reargument in this court having been filed and allowed, the question now presented is: Did the plaintiff, upon the overruling of its motion *ne recipiatur* to the plea of forgery filed by the appellee, after duly excepting to such ruling, by replying to the plea of forgery and proceeding with the trial to a final conclusion on its merits, waive its right to have the ruling

of the lower court on the motion *ne recipiatur* reviewed in this court? It is claimed by the appellee that the plaintiff's action in replying to the plea of forgery effectually precluded it from having the ruling on the motion *ne recipiatur* considered on appeal from the final judgment, and that the only method to have this action reviewed was by refusing to reply and suffering judgment against it. To sustain this contention the appellee relies upon the cases of *Traber v. Traber,* 50 Md. 1; *Hutton v. Marx,* 69 Md. 252; *Laubheimer v. Naill,* 88 Md. 174; *Farmers Bank v. Hunter,* 97 Md. 148; *Smith v. Woman's Medical College,* 110 Md. 441; *Shoop v. Fidelity & Deposit Co.,* 124 Md. 130; *Commercial Credit Co. v. Schuck,* 151 Md. 367; *Wilkin Mfg. Co. v. Melvin,* 116 Md. 97.

In the case of *Boteler & Belt v. State,* 7 G. & J. 109, it was said: "We do not think the appellants' counsel have succeeded in distinguishing this case from those which fall within the well established rule that no appeal can be prosecuted to this Court until a decision has been had in the court below which is so far final as to settle and conclude the rights of the party involved in the action, or denying to the party the means of further prosecuting or defending the suit. * * * To permit an appeal from any decision of the court below which does not finally settle the rights of the party, or conclude the cause, would enable either the plaintiff or defendant to protract the suit to an almost indefinite period. If by any allegation that the court has exceeded its power, this Court can be put to an investigation of the case, it is plain the allegation may be made in reference as well to one order as another, and in short, to any and every order, and as the appeal must stay the hands of the court below, the suit would be interminable. * * * It is time enough for a party to apply to this Court for redress when it is ascertained that he is to be injured by the judgment of which he complains. * * * For aught we can learn from the record, the defendants may obtain the final judgment of the court and be entirely discharged from the claim of the plaintiff. Should the result be otherwise when the proceedings below shall be terminated,

an appeal will then lie, and all the errors of the court below in the whole progress of the cause will be proper subjects for complaint of the party, and for the correction of this Court." This rule has been re-affirmed and re-stated, in varying language, from the case above quoted to the present time.  See *Welch v. Davis,* 7 Gill, 365; *Hazlehurst v. Morris,* 28 Md. 67; *Smithson v. U. S. Telegraph Co.,* 29 Md. 162; *Dietrich v. Swartz,* 41 Md. 196; *Waverly Mutual Bldg. Assn. v. Buck,* 64 Md. 342; *Swift v. Manufacturers' Nat. Bank,* 69 Md. 232; *State v. Easton Social Club,* 72 Md. 297; *Reynolds v. Russler,* 128 Md. 609; *Emersonian Apartments v. Taylor,* 132 Md. 211; *Griffee v. Mann,* 62 Md. 248; *Cooper v. Novickow,* 116 Md. 471; *Warfield v. State,* 116 Md. 599; *United States v. Poe,* 120 Md. 89.

In the case before us, prior to the lower court allowing the filing of the additional plea of forgery, the defendant was limited to such defenses as were available under the general issue plea which had been previously filed by her.  The plaintiff, after the adverse ruling on the motion *ne recipiatur* as to the plea of forgery, if the contention of the appellee in this case be correct, was compelled to accept the issue of forgery made by the plea, and stand on that alone, or suffer a judgment against it and stake its whole case upon the ruling of the court on the question of law, thereby denying to it the right of showing that the appellee's signature was her genuine signature.  In other words, the effect is to require the plaintiff to stand either on the question of law or a question of fact, and to refuse it the right to a review on the question of law, if, having stood on the question of fact, it is decided against it.  This would be contrary to the general rule that either party has open to him a review in the appellate court of all adverse rulings of the trial court when properly presented by the record, either shown by the record entries or by bills of exceptions seasonably taken and properly authenticated.  *Newbold, v. Green,* 122 Md. 651.  The privilege afforded by such a rule is a wise and salutary one, for without it, only partial relief could be granted; without it, the party against whom the adverse ruling was made would

lose absolutely the right to have decided the issues of law,
upon which he might be correct, and would be confined to the
chance of establishing his claim or defense upon the issue of
fact raised by the pleadings.   He would be required to pur-
chase what might be the doubtful result of an issue of fact,
by the abandonment of his issue of law.   The administration
of the law, and the according of justice to litigants, should
not subject either to such a penalty.   The adoption and en-
forcement of the rule which allows a party, after taking sea-
sonable objection to an adverse ruling of the court, to go on
and prosecute or defend the case to a final conclusion and
judgment, and still preserve for review in this Court the
adverse ruling below, results in equal and exact justice to
both parties, and the cost and delay of litigation is greatly
reduced.   A contrary rule would result in one of two situ-
ations, either that the party aggrieved by the adverse ruling
could stop the progress of the trial and appeal to this Court
for decision on that point alone, thereby multiplying the
number of appeals, with the delay and cost incident thereto;
or, second, he would be compelled to suffer an adverse judg-
ment and depend entirely upon his contention that the lower
court was in error in making the ruling appealed from, a
penalty which is both unjust and unfair to the parties, mak-
ing the determination of any litigation depend largely upon
the ability of counsel rather than upon the justice and right
of the whole case.   It would compel counsel, in the heat of
trial, to elect whether he would stand on the question of law
or question of fact.

The question of waiver involves the idea of voluntary elec-
tion, but there can be no question of waiver when the action
taken, which is claimed to be a waiver, was done under com-
pulsion; and a party can only be said to have waived a right,
under such circumstances as here presented, when he volun-
tarily takes one position which is inconsistent with a later
one which he attempts to assume.   In other words, if he
takes one position, which is decided to be erroneous, he can
only be said to have waived and abandoned that position if
his subsequent voluntary action is inconsistent with the posi-

tion first taken.  In the present case, when the plea of forgery was allowed, the plaintiff contended that this defense was not available, because the plea had not been filed within the time prescribed by the statute.  Had this position been sustained, no evidence on the issue of forgery could have been presented, but upon the adverse ruling upon this point the plaintiff still had the right to show that the signature of the appellee was her genuine signature.  These two contentions are not inconsistent.  They were, in effect, saying to the appellee, first, "You have no right at this time to make the defense of forgery"; and, second, "Even if you have, your plea of forgery is not true."  These contentions were entirely logical, and were advanced by the plaintiff in proper sequence, first, by denying the defendant's right to file the plea, and, second, by denying its truth.  Both might be sound.  They are not made in the alternative.  It does not present a case where, if one of the contentions is true, the other must be false, but is a case where both could be true.

All of the cases relied upon by the appellee, with the exception of *Wilkin Mfg. Co. v. Melvin, supra,* arose under speedy judgment acts, which are special statutory provisions and must be strictly followed in order that the parties may avail themselves of the rights and remedies thereby created. In none of them was the question raised as to whether the right of the plaintiff, who was entitled to a judgment and who had seasonably made a motion for such judgment, would be lost by joining issue after an adverse ruling on such a motion by the lower court, in the sense that such ruling could not be reviewed on appeal.  They presented cases of a defective defense, by reason of a faulty affidavit or pleas as required by the act, which could have been taken advantage of by the plaintiff by moving in writing, as prescribed, for a judgment in his favor.  Failing to take this action, but replying to the faulty or defective pleas, it was held that he had waived his right to insist upon a judgment for want of proper defense, after having replied and the case gone against him on the merits.  It will be noted in these cases that the plaintiff was under no compulsion to elect one or the other of the

courses open, and he would have been subjected to no penalty had he elected either. Under such circumstances, if he voluntarily decides to proceed as if the faulty affidavit or plea is good, he is held to have thereby waived his objection. The record in such cases shows that the plaintiff did not move for the judgment to which he might have been entitled, but voluntarily decided to treat the pleas or affidavit as legal, and meet the issue thereby raised. On the contrary, the record in the case at bar shows that the plaintiff seasonably made objection to the plea of forgery, and, upon its being overruled, reserved an exception, and then, under pain of a judgment by default against him, and resting his whole case upon the issue of law, was compelled to accept the issue of forgery raised by the plea. There is no legal effect to reserving an exception to the ruling of the court on this plea, for the reason that, if reviewable at all, the action of the court would be shown by the record, without such an exception. But the reserving of an exception does indicate that the plaintiff had no intention of voluntarily abandoning his point by replying to the plea of forgery. In the present case, if the plaintiff, after the additional plea of forgery had been allowed, had done nothing towards having it stricken out, but had replied, thereby assenting to it being properly in the case, he should be held to have waived the question of its legality, and refused the right to raise such question on appeal. Had this been done, the case would have been analogous to those relied on by the appellee.

In the case of *Hutton v. Marx, supra,* also under a speedy judgment act, the defendant pleaded, to a suit on an open account, never indebted, never promised, and limitations. An affidavit was made to the plea of limitations but not to the other two pleas. The plaintiffs thereon joined issue on the first two pleas and replied to the plea of limitations. Later, by leave of court, the plaintiffs withdrew the joinder of issue and the replication, and moved for judgment by default for want of sufficient affidavit of defense. The act required that a motion in writing should be made for judgment. Instead of moving for judgment in writing, as thus

required, the plaintiffs joined issue on two pleas and replied
to the third, action obviously not in conformity with the act.
By such omission the plaintiffs lost the special benefit which
the act afforded. In passing upon the question presented
in that case, this Court, speaking through Judge Bryan,
said: "We think, therefore, on the authority of *Adler v.
Crook,* 68 Md. 494, that we are obliged to hold this affidavit
defective. But the objection to it must be made at the
proper time and in the proper manner. The act requires
that a motion in writing should be made for a judgment.
In this case the plaintiffs joined issue on two pleas and
filed replications to the third. From these steps it is a
conclusion of law that the plaintiffs elected to go to trial
on the facts averred in the pleas; there would otherwise
be no significance in thus pleading to them. And if they
elected to go to trial on the pleas, they necessarily waived
their right to move for judgment notwithstanding their
existence; as these two proceedings are inconsistent with
each other. It is very often that a party loses a right by
not exercising it at the proper time. If he does not object
to incompetent testimony at the time it is offered, he can-
not do so afterwards. If he pleads in bar, he waives the
right to plead in abatement. * * * The plaintiff, having two
courses of proceeding open to him, passes by one of them
and adopts the other, which is inconsistent with the first.
There is nothing in the circumstances of this case which
should relieve him from the usual consequences of his elec-
tion. It was error to enter judgment on the plaintiff's
motion, and it must be stricken out." The effect of that
decision is to hold that the motion for a judgment should
have been made before replying to the defective pleas. But
there is no suggestion that if the motion for judgment had
been made in strict accordance with the provisions of the
statute, and had been overruled, this action would not have
been open to review in this court, even though the plaintiffs
had subsequently joined issue on the pleas. The fault of
the plaintiff in that case was, that having two courses of

proceeding open, which should be taken in logical sequence, he passed by one of them and adopted the second, which was inconsistent with the first.

In the case of *Stockett v. Sasscer,* 8 Md. 374, the defendant filed a plea of limitation. The plaintiff filed his replication to that plea, to which replication the defendant had joined issue. Subsequently the plaintiff filed a motion *ne recipiatur* as to the plea of limitation, on the ground that it had not been filed in conformity with the rule of court. This motion was denied. Upon appeal it was said: "The irregularity, if any, as to the time of filing the plea, was thereby waived, and we approve of the court's refusal to strike it from the rolls." In this case, while it is not said in so many words, the irresistible inference from the language of the court is that if the motion *ne recipiatur* had been filed before replying to the plea, it should have been sustained; and there is no intimation that if it had been overruled it would not have been open to review in this court.

What we have said in reference to the cases last above quoted applies to all of the cases relied upon by the appellee arising under the speedy judgment acts. There remains to be considered the case of *Wilkin Mfg. Co. v. Melvin, supra,* which was a common law action. An analysis of that case shows that a judgment was obtained on May 31st, 1892, and that a *scire facias* on the judgment for the purpose of renewal was issued May 5th, 1906, which was more than twelve years from the date of the judgment. The defendants summoned under the writ of *scire facias* entered a plea of limitation. The plaintiff moved *ne recipiatur* as to this plea, and this motion was overruled. The plaintiff then demurred, and upon its being overruled, replied to the plea and went to trial. At the end of the plaintiff's case the court granted a prayer, at the instance of the defendant. directing a verdict in his favor. From the judgment entered the plaintiff appealed. On the appeal the claim was made in this court that the motion *ne recipiatur* should

have been granted.   This Court, speaking through Judge
Boyd, held that by the defendant's replying to the plea of
limitation, he thereby waived his right to stand on the
motion *ne recipiatur;* and in the course of the opinion it
was said: "Now if a plaintiff who has the absolute right
to a judgment under the Practice Act, unless pleas and
affidavits be filed as required, will waive his right to such
judgment by filing a replication to the pleas, upon what
principle should a plaintiff be permitted to reply to a plea
of limitation, and then, if he loses his case, rely on a motion
made to strike it out?   How does an appeal from the judg-
ment bring up his motion when he has thus waived it?
Surely it cannot be said that this plaintiff was placed in a
position in which he had to reply to the plea.   The replica-
tion to the plea of the statute of limitations alleged that
the *scire facias* was issued before the 5th day of May, 1906,
and that the judgment was not of twelve years' standing,
etc.   The record spoke for itself on those questions, and
there could be but one result on that plea, which, if validly
in, was a bar to the proceeding.   The proper practice would
have been to decline to reply, and then, upon judgment
being entered for the defendant, an appeal could be taken
and the question regularly determined, whether the plea
was filed in time.   After all, that is the whole case—
whether that plea should have been allowed to stand.   With
it in, the prayer granted by the court was proper, and there
was no error in granting it."   That case is distinguishable
from the case at bar, in that there the identical question was
raised by the replication to the plea of limitation as was
raised by the motion to strike it out, and if the plea was
properly in the case it was a complete bar to the action.
The record on its face showed that the judgment was of
more than twelve years' standing, and the plea of limitation
was a complete defense; and action by the court on that
question was as final and conclusive of the whole case, upon
the motion *ne recipiatur,* as it could be upon a hearing after
replication.

In the present case, if the plea of forgery had not been received, this action would not have been final, because there were still open to the defendant all of her defenses under the general issue plea; and on the other hand, the plea being allowed, as it was, was not final as to the plaintiff, because he was at liberty to show that the plea, although in, was not true.

We are of the opinion that the decision in *Wilkin Mfg. Co. v. Melvin* was the result of the particular facts of that case; those being that the same and only question which controlled the decision of the whole case was raised by the motion *ne recipiatur* to the plea of limitation as fully as by a review of the action of the court in directing a verdict for the defendant, and it is not authority for the establishment of a rule in direct conflict with the many decisions of this Court; the rule established by these decisions being, as stated, that every ruling of the trial court which is the proper subject of appeal, and which is presented either by the record or by exceptions seasonably taken and properly authenticated, is open to review in this court on appeal from the final determination of the case.

It was suggested by the appellee that the rule that prayers amounting to demurrers to the evidence, offered by the defendant at the close of the plaintiff's case, are not subject to review on appeal where the defendant offers evidence on his own behalf, is authority for the appellee's contention here as being analogous. This contention is unsound, because the real and substantial reason for that rule is that, after a demurrer to the evidence prayer has been offered at the close of the plaintiff's case and overruled, and the defendant then proceeds to offer evidence, such evidence may, and not infrequently does, supply deficiencies in the plaintiff's proof, and therefore a prayer after the defendant's evidence is in must be based upon the whole evidence and not upon the plaintiff's evidence alone.

It is also urged that, because the Act of 1867, which permits a party demurring to have considered on appeal the ques-

tions raised by demurrer even though he plead after the over-
ruling of a demurrer, does not include motions, it is authority
for the contention here of the appellee. While it is true that
that act, now codified as section 10 of article 75 of the Code,
does not include motions, neither does it include orders; and
it could not seriously be argued that a defendant who files a
plea to the jurisdiction, upon its being overruled, loses his
right to have the question raised by such a plea reviewed on
appeal in all cases where he afterwards submits to the juris-
diction of the court and the case is continued to a final judg-
ment.

It was said in *Giltings v. State,* 33 Md. 461: "It is well
settled, by numerous decisions of this court, that no appeal in
actions at law can be prosecuted until a decision has been
had in the court below, which is so far final as to settle and
conclude the rights of the party involved in the action, or to
deny to him the means of further prosecuting or defending
the suit, as otherwise, by repeated appeals, litigation might
be protracted to an almost indefinite period. Hence no ap-
peal lies from rulings upon motions or demurrers or other
merely interlocutory judgments or orders pronounced and
passed in the progress of the cause to final judgment. All
errors committed by the court below in these rulings or judg-
ments, if properly presented by exception or in some other
form, are open for review on appeal from that judgment."

In the case of *Tyler v. Murray,* 57 Md. 445, where a plea
was filed to the jurisdiction, this Court, after pointing out
that two separate jury trials might be necessary, one to deter-
mine the issue of fact with regard to the plea to the jurisdic-
tion, and the other to determine the merits of the case, said,
in speaking of the method by which any errors in the entire
proceeding could be corrected: "And if after trial, the ver-
dict and final judgment should be against him (in that case
meaning the defendant), he would be entitled to appeal, when
alleged error in a ruling of the court in either trial before the
jury would be open for review."

In the case of *Harkness v. Hyde,* 98 U. S. 476, the de-
fendant objected to the illegality of the service upon him, and

made a motion to quash the service, which was overruled, and he then filed an answer to the merits of the action. On appeal it was contended that, by answering after his motion to quash had been overruled, he waived the right to object to the jurisdiction of the court. In passing upon this point the Court said: "The right of the defendant to insist upon the objection to the illegality of the service was not waived by the special appearance of counsel for him to move the dismissal of the action on that ground or what we consider as intended, that the service be set aside; nor, when that motion was overruled, by their answering for him to the merits of the question. Illegality in a proceeding by which jurisdiction is to be obtained is in no case waived by the appearance of the defendant for the purpose of calling the attention of the court to such irregularity; nor is the objection waived when, being urged, it is overruled and the defendant is thereby compelled to answer. He is not considered as abandoning his objection because he does not submit to further proceedings without contestation. It is only where he pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived."

It has been called to our attention that a hardship will result from an application of the rules and principles herein affirmed. While such a result is always to be regretted, it is not the province of the Court to make the law so as to prevent an apparent hardship in any given case, but to expound the law and apply it, as found, to the facts shown to exist in each case. It requires no citation of authority to demonstrate that this must be the rule applied; otherwise there would be no stability in the law and no uniform application of it, but each case would ultimately be resolved according to the views, caprice, or even the prejudice, of the judges who are to make the decision in the particular case. In order to obviate the alleged hardship in this case, we would be required, first, to disregard the plain and unambiguous language of the statute, which is that, unless the genuineness of the appellee's signature was denied by her in her first pleading after it was alleged by the appellant, the law takes it as being admitted

for the purposes of this case; and second, we would be compelled to disregard or reverse the well settled rule that all errors committed by the trial court are subject to review on appeal from a final judgment when such rulings are shown by the record or properly presented by exception.    This we are unwilling to do.    No sufficient reason having been shown on the reargument, there is no ground to change our former conclusion.

> *Former judgment of this court affirmed on reargument, with costs to the appellant.*

---

URNER, J., filed the following dissenting opinion, in which OFFUTT, J., concurred.

The re-argument in this case was upon a question not suggested or considered when the case was originally heard on appeal.    That question is whether the appellant corporation is entitled to have the judgment reversed, because the plea of forgery was not filed at the proper stage of the pleadings, when it voluntarily joined issue on the plea and proceeded with a trial on the merits in which the defense of forgery was sustained by the verdict of the jury.    Reversal of the judgment and remand of the case for a new trial, on the ground of the objection to the filing of the plea of forgery, will result in the total exclusion of that issue when the case is retried, although the jury in the former trial found from the evidence that the note sued on was forged.    It is now argued that such an unfortunate result can be obviated by the application of a rule which this Court has repeatedly utilized to serve the practical ends of justice under conditions analogous to those existing in this case.    The rule thus invoked is undoubtedly technical, but it has been applied to prevent other technical rules from causing manifest injustice.

In *Shoop v. Fidelity & Deposit Co.,* 124 Md. 30, the trial court granted a motion of the defendant to substitute a new plea for the pleas filed in the first instance.    A replication

to the later plea was filed by the plaintiff. The case was tried before a jury, and after a verdict and judgment in the defendant's favor the plaintiff appealed, on the ground that the action of the court in allowing the substitution of the plea was erroneous. But this Court said: "In the first place, by the filing of replication and proceeding to trial the plaintiff waived her right to raise on appeal the correctness of the ruling of the court. The proper course to have pursued, if it was desired to call in question the correctness of that ruling, would have been to decline to reply and suffer a judgment by default to be entered against her and appeal from such judgment. Not having done so, she is now precluded from raising that question."

In support of its conclusion in that case the Court cited *Traber v. Traber,* 50 Md. 1. The question there, on appeal by the plaintiff from a judgment against him, after trial on the merits, in a suit under the Speedy Judgment Act of Baltimore City, was whether a motion by the plaintiff for a judgment in his favor, because of alleged insufficiency of the affidavit to the pleas, was properly overruled. Chief Judge Bartol, speaking for the Court, said:

"It appears, however, from the record, that upon the trial of the case upon its merits, in the circuit court to which it was removed, the verdict of the jury was in favor of the defendant. The plaintiff was, therefore, not injured by the ruling of the Court of Common Pleas on his motion.

"The pleas were valid in themselves, the only objection of the appellant was that they were not verified by affidavit, as required by the Act of 1864. But their truth was established by the verdict of the jury, and the want of an affidavit or the insufficiency of the affidavit accompanying them became altogether immaterial.

"We express no opinion, therefore, upon the question whether the affidavit was or was not in conformity with the requirement of the seventh section of the Act of 1864. The course pursued by the appellant in joining issue upon the pleas, and the result of the trial upon the merits, preclude

him now from raising the question of the regularity or sufficiency of the affidavit, or asking a reversal of the judgment on account of any defects therein.

"If the appellant desired to raise that question on appeal, his proper course was to refuse to join issue on the pleas, and suffer judgment by default. After the verdict against him on the merits, he cannot be heard to say there was no sufficient plea."

In *Wilkin Mfg. Co. v. Melvin,* 116 Md. 97, the principle of waiver was applied to the action of the plaintiff in replying to a plea of limitations after a motion to strike out the plea had been overruled. Chief Judge Boyd, speaking for the Court, said: "That may be a technical question, but upon what principle can we review that motion? Prior to the Act of 1867, if a demurrer was overruled and the party demurring then pleaded, he waived his right under the demurrer. 1 *Poe, Pl. & Pr.,* sec. 591. Under that act (now section 8 of article 75 of the Code), when a demurrer is overruled, the party demurring has the right to plead over, without withdrawing his demurrer, and upon appeal is entitled by virtue of the terms of the statute to have the question at large arising upon the demurrer decided and determined, as if he had not pleaded over. But that section does not include motions, and if a plaintiff makes a motion to strike out a plea, and upon it being overruled replies to the plea, there is no statute reserving his right to still have his motion reviewed. * * * "We have not found any case precisely in point, but in *Stockett v. Sasscer, supra,* the replication to the plea of limitations and the *ne recipiatur* were filed the same day, but the Court held that there was a waiver of the time for filing the plea. In that case an exception was noted and a bill of exceptions in the record. * * * There are cases in this state which are very analogous. In *Smith v. Woman's Medical College,* 110 Md. 441, the plaintiff moved for a judgment by default, for want of sufficient pleas and affidavit of defense, but the court overruled the motion, and the plaintiff refusing to join issue

upon the defendant's pleas, judgment for the defendant for costs was entered. From that judgment the plaintiff appealed. It was there said: 'The plaintiff pursued the course heretofore approved by this Court to test the sufficiency of the defendant's pleas, for had he joined issue thereon he would thereby have withdrawn the case from the operation of the Practice Act, and placed it upon the footing of a suit at common law.' "

After quoting from the decision in *Traber v, Traber, supra,* the opinion in the *Melvin* case proceeded as follows: "So when a defendant offers a prayer at the conclusion of the plaintiff's evidence to take the case from the jury, and it is rejected, if he proceeds with the case and offers evidence himself, the error, if any, in rejecting the prayer, is waived and cannot be reviewed on appeal. *Barabasz v. Kabat,* 91 Md. 53. That decision was made notwithstanding the Act of 1894 provided that 'the defendant shall not be precluded from offering evidence of defense, but any defendant in any such action may offer evidence of defense as fully and to the same extent as though such prayer had not been offered.' But inasmuch as it did not provide, as the Act of 1867 did in reference to demurrers, reserving the right of appeal, we held that the appeal did not bring up for review the ruling on a prayer so offered. Now if a plaintiff who has the absolute right to a judgment under the Practice Act, unless pleas and affidavits be filed as required, will waive his right to such judgment by filing a replication to the pleas, upon what principle should a plaintiff be permitted to reply to a plea of limitations, and then, if he loses his case, rely on a motion made to strike it out? How does an appeal from the judgment bring up his motion when he has thus waived it? * * * The proper practice would have been to decline to reply, and then, upon judgment being entered for the defendant, an appeal could have been taken and the question regularly determined, whether the plea was filed in time."

The same principle has been recognized also in *National*

*Building Assn. v. Gosnell,* 116 Md. 640; *Farmers Bank v. Hunter,* 97 Md. 148; *Laubheimer v. Naill,* 88 Md. 174; *Hutton v. Marx,* 69 Md. 252; and *Commercial Credit Corp. v. Schuck,* 150 Md. 367. In the case last cited the principle of waiver was held not to be applicable because the plaintiff declined to join issue on the pleas, when refiled after amendment of the affidavit accompanying them had been permitted, and the court directed the clerk to join issue for the plaintiff, "thus removing the possibility of judgment for want of replication."

But in the present case the plaintiff voluntarily filed a replication to the plea of forgery, and after a verdict for the defendant on the merits of the issue joined on that defense, the rule of waiver frequently applied by this Court should, in my opinion, prevent a reversal and remand of the case with a view to the exclusion of the issue thus accepted and decided. The exception taken by the plaintiff to the allowance of the plea of forgery could not change the legal significance and effect of his conduct in filing a replication to the plea and participating in a trial on the merits. In order to reserve for this Court's consideration the question as to the defendant's right to file the plea presenting the only issue of fact in the case, the plaintiff should have declined to reply and submitted to a judgment by default, for want of replication, and should then have appealed from that judgment. Not having pursued such a course, the plaintiff should be precluded from questioning on appeal the propriety of the lower court's action in granting leave to file the plea tendering the issue which has been determined by the verdict.

It is said that the cited cases which arose under the practice acts may be distinguished from common law actions, like the one at bar, with respect to the application of the rule upon which the appellee relies. No such distinction was discovered by this Court when it decided the common law *Melvin* case and cited two practice act cases as being "very analogous." It evidently saw no reason why a motion in a common law suit that a plea be stricken out or not received should be given any higher consideration, in regard to reviewability,

than motions for similar purposes in suits under the practice acts. In both classes of cases it was the election of the plaintiff to accept by his replication the issue tendered by the plea and to have it tried on the merits that was held to preclude him from complaining on appeal that the issue should not have been joined. The simple alternative, if the plaintiff desires an appellate ruling on his objection to the plea, is to adopt the method, clearly and repeatedly indicated by this Court, of declining to reply to the plea and submitting to a judgment against him on the issue of law thus presented. This requirement is criticized by the present appellant as subjecting a plaintiff to the hazard of submitting to an adverse judgment on a question of law in order to have that issue reviewed on an appeal which may result in an affirmance. The inconvenience of conducting successive appeals in the progress of the same suit at law is also emphasized. But those considerations should yield to the reasons, founded in elementary justice, which oppose such a consequence to the defendant as the acceptance of the plaintiff's theory will produce. There could be no more serious hardship to a defendant than to go through a trial on an issue of fact involving a meritorious defense, and, after a verdict and judgment in his favor, to be required, as the result of a reversal on appeal, to undergo a new trial in which he cannot make his sole and previously vindicated defense merely because of a technical irregularity in the pleading by which the issue was raised. To avoid such a result it is only necessary to apply the rule now invoked by the appellee and heretofore enforced by this Court in a series of cases from which, in my judgment, the present case is not distinguishable in regard to the principle involved.